LAW OFFICES OF
VENABLE, CAMPILLO, LOGAN & MEANEY, P.C.
1938 EAST OSBORN ROAD
PHOENIX, ARIZONA 85016
TELEPHONE (602) 631-9100
FACSIMILE (602) 631 9796
E-MAIL DOCKETING@VCLMLAW.COM

Lance C. Venable (AZ Bar No 017074)
Joseph R. Meaney (AZ Bar No. 017371)
Attorneys for Plaintiff MDY Industries, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **MDY INDUSTRIES, LLC,** | **Case No.: CV06-02555-PHX-DGC** |
| Plaintiff and Counterdefendant, | |
| vs. | **PLAINTIFF MDY INDUSTRIES, LLC AND THIRD PARTY DEFENDANT MICHAEL DONNELLY'S ANSWER TO DEFENDANTS' COUNTERCLAIM AND THIRD PARTY COMPLAINT** |
| **BLIZZARD ENTERTAINMENT, INC., and VIVENDI GAMES, INC.,** | |
| Defendants and Counterclaim Plaintiffs. | |
| | **The Honorable David G. Campbell** |
| **BLIZZARD ENTERTAINMENT, INC., and VIVENDI GAMES, INC.,** | **(Jury Trial Demanded)** |
| Third-Party Plaintiffs, | |
| vs. | |
| **MICHAEL DONNELLY, an individual** | |
| Third-Party Defendant | |

Plaintiff/Counterdefendant MDY Industries, LLC ("MDY") and Third-Party Defendant Michael Donnelly ("Donnelly") (collectively "MDY Parties") hereby answer the Defendants' Counterclaim against MDY and Third-Party Complaint against Donnelly. For the purpose of this pleading, if a statement is made on behalf of either MDY or Donnelly, only the party identified shall be considered the affirming

party.  When a statement is made on behalf of the MDY Parties, it shall be considered an affirmation on behalf of both MDY and Donnelly.

### ANSWER

### NATURE OF THE ACTION

1.     The MDY Parties hereby DENY the allegations set forth in Paragraph 1 of Blizzard Entertainment, Inc. and Vivendi Games, Inc.'s (collectively, "Blizzard Parties") Counterclaims and Third-Party Complaint.

### JURISDICTION AND VENUE

2.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 2 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

3.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 3 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

### THE PARTIES

4.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 4 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

5.     Donnelly hereby ADMITS the allegations set forth in Paragraph 5 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

6.     Donnelly hereby ADMITS the allegation in Paragraph 6 of the Blizzard Parties' Counterclaims and Third-Party Complaint that Donnelly is the only member of MDY Industries, LLC, and that MDY Industries, LLC is an Arizona Limited Liability Company organized in December 2004, and registered at 2311 E. Shea Blvd,

Phoenix, Arizona 85016.  However, Donnelly DENIES the remaining allegations set forth in Paragraph 6.

## BACKGROUND FACTS

7.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 7 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

8.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 8 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

9.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 9 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

10.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 10 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

11.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 11 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

12.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 12 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

13.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 13 of the Blizzard Parties' Counterclaims and Third-Party

Complaint, and therefore DENY the allegations set forth therein.

14.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 14 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

15.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 15 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

16.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 16 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

17.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 17 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

**THE WOW END USER LICENSE AGREEMENT AND TERMS OF USE**

18.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 18 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

19.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 19 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

20.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 20 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

21.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 21 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

22.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 22 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

23.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 23 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

24.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 24 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

25.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 25 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

26.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 26 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

27.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 27 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

28.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 28 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

29.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 29 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

30.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 30 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

31.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 31 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

**BLIZZARD'S TECHNICAL SECURITY MEASURES**

32.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 32 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

33.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 33 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

34.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 34 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

35.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 35 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

36.     The MDY Parties are without sufficient knowledge as to the truth of the

facts alleged in Paragraph 36 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

37.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 37 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

38.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 38 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

## MDY'S UNLAWFUL ACTIVITIES

39.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 39 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

40.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 40 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

41.     Donnelly hereby ADMITS the allegations set forth in Paragraph 41 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

42.     Donnelly hereby DENIES the allegations set forth in Paragraph 42 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

43.     Donnelly hereby DENIES the allegations set forth in Paragraph 43 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

44.     Donnelly hereby DENIES the allegations set forth in Paragraph 44 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

45.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph

45 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

46.     The MDY Parties hereby DENY the allegations set forth in Paragraph 46 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

47.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 47 to the extent that it has sold "over 25,000" product keys for WoWGlider, however The MDY Parties DENY the remaining portion of the allegations stated therein of the Blizzard Parties' Counterclaims and Third-Party Complaint.

48.     The MDY Parties hereby DENY the allegations set forth in Paragraph 48 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

49.     The MDY Parties hereby DENY the allegations set forth in Paragraph 49 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

50.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 50 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

51.     The MDY Parties hereby DENY the allegations set forth in Paragraph 51 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

52.     The MDY Parties hereby DENY the allegations set forth in Paragraph 52 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

53.     The MDY Parties hereby DENY the allegations set forth in Paragraph 53 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

54.     The MDY Parties hereby DENY the allegations set forth in Paragraph 54 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

55.     The MDY Parties are without sufficient knowledge as to the truth of the

facts alleged in Paragraph 55 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

56.     The MDY Parties hereby DENIES the allegations set forth in Paragraph 56 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

57.     The MDY Parties hereby DENIES the allegations set forth in Paragraph 57 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

58.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 58 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

59.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 59 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

60.     MDY hereby ADMITS the allegations set forth in Paragraph 60 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

61.     The MDY Parties hereby DENY the allegations set forth in Paragraph 61 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

62.     The MDY Parties hereby DENY the allegations set forth in Paragraph 62 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

63.     The MDY Parties hereby DENY the allegations set forth in Paragraph 63 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

## COUNT I
## TORTIOUS INTERFERENCE WITH CONTRACT

64.     The MDY Parties acknowledge that the Blizzard Parties re-allege the allegations set forth in Paragraphs 1-63 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

65. The MDY Parties hereby DENY the allegations set forth in Paragraph 65 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

66. The MDY Parties hereby DENY the allegations set forth in Paragraph 66 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

67. The MDY Parties hereby DENY the allegations set forth in Paragraph 67 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

68. The MDY Parties hereby DENY the allegations set forth in Paragraph 68 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

69. The MDY Parties hereby DENY the allegations set forth in Paragraph 69 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

70. Donnelly hereby DENIES the allegations set forth in Paragraph 70 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

71. The MDY Parties hereby DENY the allegations set forth in Paragraph 71 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

72. The MDY Parties hereby ADMIT the allegations set forth in Paragraph 72 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

73. The MDY Parties hereby DENY the allegations set forth in Paragraph 73 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

74. The MDY Parties hereby DENY the allegations set forth in Paragraph 74 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

75. The MDY Parties hereby DENY the allegations set forth in Paragraph 75 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

76.     The MDY Parties hereby DENY the allegations set forth in Paragraph 76 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

77.     The MDY Parties hereby DENY the allegations set forth in Paragraph 77 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

78.     The MDY Parties hereby DENY the allegations set forth in Paragraph 71 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

**COUNT II**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**UNDER THE COPYRIGHT ACT, 17 U.S.C. § 501**

79.     The MDY Parties acknowledge that the Blizzard Parties re-allege their allegations set forth in Paragraphs 1-78 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

80.     The MDY Parties hereby DENY the allegations set forth in Paragraph 80 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

81.     The MDY Parties hereby DENY the allegations set forth in Paragraph 81 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

82.     The MDY Parties hereby DENY the allegations set forth in Paragraph 82 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

83.     The MDY Parties hereby DENY the allegations set forth in Paragraph 83 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

84.     The MDY Parties hereby DENY the allegations set forth in Paragraph 84 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

85.     The MDY Parties hereby DENY the allegations set forth in Paragraph

85 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

86.     The MDY Parties hereby DENY the allegations set forth in Paragraph 86 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

87.     The MDY Parties hereby DENY the allegations set forth in Paragraph 87 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

88.     The MDY Parties hereby DENY the allegations set forth in Paragraph 88 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

89.     The MDY Parties hereby DENY the allegations set forth in Paragraph 89 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

**COUNT III**

**VICARIOUS COPYRIGHT INFRINGEMENT**

**UNDER THE COPYRIGHT ACT, 17 U.S.C. § 501**

90.     The MDY Parties acknowledge that the Blizzard Parties re-allege their allegations set forth in Paragraphs 1-89 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

91.     The MDY Parties hereby DENY the allegations set forth in Paragraph 91 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

92.     The MDY Parties hereby DENY the allegations set forth in Paragraph 92 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

93.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 93 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

94.     The MDY Parties hereby ADMIT the allegations set forth in Paragraph 94 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

95.     The MDY Parties hereby DENY the allegations set forth in Paragraph 95 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

96.     The MDY Parties hereby DENY the allegations set forth in Paragraph 96 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

97.     The MDY Parties hereby DENY the allegations set forth in Paragraph 97 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

## COUNT IV
## VIOLATION OF THE DIGITAL MILLENIUM
## COPYRIGHT ACT ("DMCA"), 17 U.S.C. § 1201(a)(2) and (b)(1)

98.     The MDY Parties acknowledge that the Blizzard Parties re-allege their allegations set forth in Paragraphs 1-97 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

99.     The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 99 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

100.    The MDY Parties are without sufficient knowledge as to the truth of the facts alleged in Paragraph 100 of the Blizzard Parties' Counterclaims and Third-Party Complaint, and therefore DENY the allegations set forth therein.

101.    The MDY Parties hereby DENY the allegations set forth in Paragraph 101 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

102.    The MDY Parties hereby DENY the allegations set forth in Paragraph 102 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

103.    The MDY Parties hereby DENY the allegations set forth in Paragraph

103 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

104.    The MDY Parties hereby DENY the allegations set forth in Paragraph 104 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

105.    The MDY Parties hereby DENY the allegations set forth in Paragraph 105 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

106.    The MDY Parties hereby DENY the allegations set forth in Paragraph 106 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

107.    The MDY Parties hereby DENY the allegations set forth in Paragraph 107 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

108.    The MDY Parties hereby DENY the allegations set forth in Paragraph 108 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

**COUNT V**

**TRADEMARK INFRINGEMENT**

**LANHAM ACT, 15 U.S.C. § 1125(A)**

109.    The MDY Parties acknowledge that the Blizzard Parties re-allege their allegations set forth in Paragraphs 1-108 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

110.    The MDY Parties hereby DENY the allegations set forth in Paragraph 110 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

111.    The MDY Parties hereby DENY the allegations set forth in Paragraph 111 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

112.    The MDY Parties hereby DENY the allegations set forth in Paragraph 112 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

113.   The MDY Parties hereby DENY the allegations set forth in Paragraph 113 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

114.   The MDY Parties hereby DENY the allegations set forth in Paragraph 114 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

115.   The MDY Parties hereby DENY the allegations set forth in Paragraph 115 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

116.   The MDY Parties hereby DENY the allegations set forth in Paragraph 116 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

117.   The MDY Parties hereby DENY the allegations set forth in Paragraph 117 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

## COUNT VI
## UNFAIR COMPETITION

118.   The MDY Parties acknowledge that the Blizzard Parties re-allege their allegations set forth in Paragraphs 1-117 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

119.   The MDY Parties hereby DENY the allegations set forth in Paragraph 119 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

120.   The MDY Parties hereby DENY the allegations set forth in Paragraph 120 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

121.   The MDY Parties hereby DENY the allegations set forth in Paragraph 121 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

122.   The MDY Parties hereby DENY the allegations set forth in Paragraph 122 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

## COUNT VII
## UNJUST ENRICHMENT

123.    The MDY Parties acknowledge that the Blizzard Parties re-allege their allegations set forth in Paragraphs 1-122 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

124.    The MDY Parties hereby DENY the allegations set forth in Paragraph 124 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

125.    The MDY Parties hereby DENY the allegations set forth in Paragraph 125 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

126.    The MDY Parties hereby DENY the allegations set forth in Paragraph 126 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

127.    The MDY Parties hereby DENY the allegations set forth in Paragraph 127 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

128.    The MDY Parties hereby DENY the allegations set forth in Paragraph 128 of the Blizzard Parties' Counterclaims and Third-Party Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.  Defendants' Counterclaims are barred by waiver.

## SECOND AFFIRMATIVE DEFENSE

2.  Defendants' Counterclaims are barred by laches and estoppel.

### THIRD AFFIRMATIVE DEFENSE

3.  Defendants' Counterclaims are barred by acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

4.  Defendants' Counterclaims are barred by the unclean hands doctrine.

### FIFTH AFFIRMATIVE DEFENSE

5.  Defendants' Counterclaims fail to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

6.  Defendants' Counterclaims are barred by the pertinent statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Defendants' have not suffered any damages as a result of the acts alleged to have been committed by the MDY Parties.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Defendants' Counterclaims are barred because the Defendants failed to mitigate any damages that they allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE

9.  Defendants' Counterclaim for tortious interference with contractual relations is improper under the law in that there is no special relationship between the parties.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants' Counterclaim for tortious interference with contractual relations is improper under the law in that the MDY Parties did not act improperly with regard to motive or means.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants' Counterclaim for tortious interference with contractual relations is improper under the law in that the defendants suffered no damages or loss of goodwill resulting from any alleged acts by the MDY Parties.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendants' Counterclaim for tortious interference with contractual relations is improper under the law in that the Blizzard Parties' EULA and TOS agreements are not valid or enforceable.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants' Counterclaim for contributory and vicarious copyright infringement is improper under the law in that any use of the Blizzard Parties' computer code by third parties constitutes fair use of said code

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants' Counterclaim for contributory and vicarious copyright infringement is improper under the law in that the Blizzard Parties' EULA and TOS agreements unlawfully preclude third parties from utilizing lawful third party software.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants' Counterclaim for violation of the Digital Millennium Copyright Act is improper under the law in that MDY's WoWGlider program does not circumvent any security measure for the purpose of making an unauthorized copy of any copyright protected information owned by the Blizzard Parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants' Counterclaim for trademark infringement is improper under the law in that the word "WoW" is a descriptive acronym not capable of acting as a

trademark as it is incapable of distinguishing the Blizzard Parties' products from other parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants' Counterclaim for trademark infringement is improper under the law in that the Blizzard parties do not use the word 'WoW" as a trademark and therefore have no rights in the word.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants' Counterclaim for unfair competition is improper under the law in that MDY has competed fairly in the marketplace through independent development of a software program that has caused the Blizzard Parties no damage.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants' Counterclaim for unjust enrichment is improper under the law in that the MDY has earned an income solely based upon a lawful business venture and not as a result of any unlawful act toward the Blizzard Parties.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants' Counterclaims against Donnelly are improper in that Donnelly has performed none of the alleged acts above and that Donnelly is not an alter ego of MDY.  To the extent that any act alleged above occurred, MDY was acting only in its corporate capacity and not individually through Donnelly.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For a judgment denying all claims against the MDY parties as alleged above by the Blizzard Parties and finding in favor of the MDY Parties;

2. For a judgment and declaration that MDY' WOWGLIDER does not infringe any rights owned by Defendants;

1

2

3. For a decree enjoining and restraining Defendants from all further charges of infringement and violations of rights, including:

3

4

5

6

7

  a. threatening the MDY Parties or the MDY Parties' existing or prospective customers, suppliers, dealers or any users of WOWGLIDER with statements or representations that they are performing acts or engaged in activity that violates rights owned by Defendants; and/or

8

9

10

11

12

  b. initiating and/or maintaining infringement litigation, or threatening litigation, against MDY's existing or prospective customers, suppliers, dealers or any users of WOWGLIDER that asserts or charges infringement or other violation of rights owned by Defendants;

13  4. For damages in the amount proven at trial;

14  5. For Plaintiff's attorneys' fees;

15  6. For Plaintiff's costs of suit incurred herein; and

16  7. For such other and further relief as the Court deems just and proper.

17

Dated this 15th day of March, 2007

18

19             **Venable, Campillo, Logan & Meaney, P.C.**

20

21         By  /s/Lance C. Venable

22          Lance C. Venable SBN 017074
          Joseph R. Meaney SBN 017371

23          1938 East Osborn Road
          Phoenix, Arizona  85016

24          Tel: 602-631-9100
          Fax: 602-631-9796

25          E-Mail docketing@vclmlaw.com
          Attorneys for Plaintiff MDY

26          Industries, LLC

27

28

1

## CERTIFICATE OF SERVICE

2

3

4   ☒   I hereby certify that on March 15, 2007, I electronically transmitted the
        attached document to the Clerk's Office using the CM/ECF System for filing
5       and transmittal of a Notice of Electronic Filing to the following CM/ECF
        registrants:

6

7

| Name | Email Address |
|------|---------------|
8 | | |
9 | Scott Jeremy Stein, Esq. | sstein@sonnenschein.com |
10 | | wanderson@sonnenschein.com |

11

12

13   ☒   I hereby certify that on March 15, 2007, I served the attached document by
        ELECTRONIC MAIL on the following, who are not registered participants of
14      the CM/ECF System:

15

16

| Name | Physical or Email Address |
|------|---------------------------|
17 | Christian Genetski, Esq. | cgenetski@sonnenschein.com |
18 | | |

19

20                                VENABLE, CAMPILLO,
                                   LOGAN & MEANEY, P.C.

21

22                        By:    /s/ Lance C. Venable
                                   Lance C. Venable, Esq.
23                                Joseph R. Meaney, Esq.
                                   1938 E. Osborn Rd.
24                                Phoenix, AZ  85016
                                   Tel: 602-631-9100
25                                Fax: 602-631-4529

26

27                                *Attorneys for Plaintiff*

28