SONNENSCHEIN NATH &
ROSENTHAL LLP
Christian S. Genetski (Pro Hac Vice)
Shane M. McGee (Pro Hac Vice)
Samuel Bryant Davidoff (Pro Hac Vice)
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005
Telephone: (202) 408-6400
cgenetski@sonnenschein.com
smcgee@sonnenschein.com
sdavidoff@sonnenschein.com

Scott Stein (AZ Bar No. 022709)
2398 East Camelback Road
Suite 1060
Phoenix, AZ 85016-9009
Telephone: (602) 508-3900
sstein@sonnenschein.com

*Attorneys for Defendants, Counter-Claim
Plaintiffs, and Third Party Plaintiffs
Blizzard Entertainment, Inc. and
Vivendi Games, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MDY Industries, LLC,<br><br>    *Plaintiff and Counter-Claim Defendant,*<br><br>    vs.<br><br>Blizzard Entertainment, Inc. and Vivendi Games, Inc.,<br><br>    *Defendants and Counter-Claim Plaintiffs.* | No. CV 06-2555 PHX DGC<br><br>STIPULATED<br>PROTECTIVE ORDER |
| Blizzard Entertainment, Inc. and Vivendi Games, Inc.,<br><br>    *Third Party Plaintiffs,*<br><br>    vs.<br><br>Michael Donnelly,<br><br>    *Third Party Defendant.* | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation of all parties to this action, in order to provide for the protection of confidential, trade secret, and certain other non-public information and materials which may be made available during discovery in this matter,

IT IS HEREBY ORDERED THAT, the following procedures shall govern all discovery in this litigation:

1. This stipulated protective order (the "Stipulated Protective Order") shall govern all documents, materials, and information, whether oral, written, or demonstrative produced or otherwise made available by any party or third-party ("Producing Entity") to any party ("Receiving Party") in connection with discovery in this action ("Discovery Material"), and shall continue in effect after the conclusion of this litigation.

2. Discovery Material may only be used and disclosed for the purposes of this litigation, including appeals.

3. "Confidential Information" refers to Discovery Material that the Producing Entity in good faith regards as confidential or proprietary information that it would not ordinarily disclose, as well as any copies or summaries of such information or any materials that reveal the contents of such information.

4. "Attorneys' Eyes Only Information" refers to Discovery Material that the Producing Entity in good faith regards as confidential or proprietary information that is particularly sensitive, as well as any copies or summaries of such information or materials that otherwise reveal the contents of such information, and includes: (1) proprietary technical information and specifications; (2) proprietary source code; (3) trade secrets; (4) highly confidential business or financial information; and (5) any other information the disclosure of which is likely to cause substantial competitive harm to the Producing Entity.

5. All or any portion of any Discovery Material may be designated as Confidential Information or Attorneys' Eyes Only Information provided such designation is made in good faith, and, once designated, such material shall be treated as Confidential

Information or Attorneys' Eyes Only Information, as appropriate, under the terms of the Stipulated Protective Order until such designation is withdrawn by the Producing Entity or by an order of this Court.

6. Documents may be designated as Confidential Information by placing a stamp on each page that reads "CONFIDENTIAL." Documents may be designated as Attorney's Eyes Only Information by placing a stamp on each page that, in substance, reads "ATTORNEYS' EYES ONLY." Electronically stored information may be designated as Confidential Information by placing a mark that reads "CONFIDENTIAL" mark on the information or media containing the information. Electronically stored information may be designated as Attorneys' Eyes Only Information by placing a mark that, in substance, reads "ATTORNEYS' EYES ONLY" on the information or media containing the information.

7. Deposition exhibits or transcripts, or any portion thereof, may be designated as Confidential Information or Attorneys' Eyes Only Information by making such a designation on the record at the deposition or by making such a designation in writing within thirty days of receipt of the deposition transcript by the Producing Entity. Until thirty days after receipt by the Producing Entity of the deposition transcript, the entire transcript and all exhibits shall be treated as Attorneys' Eyes Only Information. The party conducting the deposition shall bear the burden of ensuring that the cover page and any designated portions of the original transcript or any copies of the transcript bear, in substance, the legend "CONFIDENTIAL - Subject to Protective Order" or "ATTORNEYS' EYES ONLY - Subject to Protective Order," as appropriate.

8. Responses to interrogatories, responses to requests for production of documents, information or things, and responses to requests for admission, may be designated as Confidential Information or Attorneys' Eyes Only Information by placing, in substance, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, on the first page of such document and on any pages that contain Confidential Information or Attorneys' Eyes Only Information.

9. In the event that a Producing Entity inadvertently fails to designate any Discovery Material as Confidential Information or Attorneys' Eyes Only Information, that material shall still be treated as Confidential Information or Attorneys' Eyes Only Information provided the Producing Entity provides written notice to the Receiving Party, as soon as practicable, designating the material as Confidential Information or Attorneys' Eyes Only Information. Upon receipt of such written notice, the Receiving Party shall treat the designated material as Confidential Information or Attorneys' Eyes Only Information and shall stamp or mark it accordingly, or, if the Producing Entity provides correctly designated copies of the material, destroy the mis-designated material or return it to the Producing Entity. The Receiving Party shall not be responsible for any use or disclosure of the mis-designated material prior to receipt of such written notice, provided such use or disclosure was proper with respect to the material as it was designated at the time.

10. Any party may dispute the designation of Discovery Material as Confidential Information or Attorneys' Eyes Only Information, by setting forth the grounds for such dispute in writing to the Producing Entity. If the dispute cannot be resolved informally among counsel, it may be submitted to the Court by written motion for resolution. The Producing Entity shall bear the burden of proof as to the propriety of any designation. Pending informal resolution by the parties or order of this Court, any disputed information shall be treated in accordance with its designation by the Producing Entity.

11. Counsel for the Receiving Party shall not disclose or permit disclosure of Confidential Information to any other person or entity, except:

    a. the Receiving Party;

    b. counsel for the Receiving Party and employees of such counsel;

    c. consultants or experts employed or retained by the Receiving Party to assist counsel in this litigation, and their employees or support staff, to the extent reasonably necessary to provide such assistance,

provided that such consultant or expert, or any of their employees or support staff, is not a present or former employee, officer, or director of a party to this litigation;

d. any person called to testify under oath by the Receiving Party in connection with this litigation, during their testimony, provided they do not retain copies of such documents;

e. a court reporter at a deposition; or

f. the Court and any Judge, clerk, or court employee with responsibility over any aspect of this litigation, provided that such disclosure complies with the Paragraph 14 of the Stipulated Protective Order.

12. Counsel for the Receiving Party shall not disclose or permit disclosure of Attorneys' Eyes Only Information to any other person or entity, except:

a. counsel of record for the Receiving Party;

b. employees of counsel of record for the Receiving Party to the extent reasonably necessary for the conduct of this litigation;

c. consultants or experts employed or retained by the Receiving Party to assist counsel in this litigation, and their employees or support staff, to the extent reasonably necessary to provide such assistance, provided that such consultant or expert, or their employees or support staff, is not a present or former employee, officer, or director of a party to this litigation;

d. any person called to testify under oath by the Receiving Party in connection with this litigation, during their testimony, provided they do not retain copies of such documents;

e. a court reporter at a deposition; or

f. the Court and any Judge, clerk, or court employee with responsibility over any aspect of this litigation, provided that such

disclosure complies with the Paragraph 14 of the Stipulated Protective Order.

13. No information may be disclosed to any person in accordance with subsections (c), (d), or (e) of Paragraph 11 or subsections (c), (d), or (e) of Paragraph 12 of the Stipulated Protective Order unless such person has agreed to be bound by the terms of the Stipulated Protective order by signing the Confidentiality Agreement attached hereto as Exhibit A.

14. A Receiving Party that files Confidential Information or Attorneys' Eyes Only Information with the Court (including pleadings, memoranda, or other documents that quote or summarize such information) must make such filing under seal and with a designation that, in substance, states "CONFIDENTIAL INFORMATION - Subject to Protective Order; Filed Under Seal," or "ATTORNEYS' EYES ONLY INFORMATION - Subject to Protective Order; Filed Under Seal," as appropriate.

15. If any Confidential Information or Attorneys' Eyes Only Information is disclosed to any person other than as permitted by Paragraphs 11 and 12 of the Stipulated Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Producing Entity whose information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was made. The party responsible for the disclosure shall take all reasonable steps to prevent any further disclosure of the Confidential Information or Attorneys' Eyes Only Information.

16. Within thirty days of the conclusion of this litigation, including any appeals, each party shall, through its counsel, provide written confirmation to the Producing Entity that the party has destroyed or returned any and all Confidential Information or Attorneys' Eyes Only Information, provided that counsel of record for each party may keep a copy of all pleadings and correspondence in this litigation and any attorney work-product, and further provided that all retained Confidential Information or

Attorneys' Eyes Only Information shall be treated in accordance with the terms of the Stipulated Protective Order.

17. Nothing in this Order shall be construed to limit a Producing Entity's use or disclosure of its own materials.

18. If Discovery Material is inadvertently produced that is subject to a claim of privilege or of protection as attorney work product or trial-preparation material and the Producing Entity notifies the Receiving Party of the claim and the basis for it, then: (a) such disclosure shall be without prejudice to any claim of privilege or protection, (b) the Receiving Party shall not argue that such production constitutes waiver of any claim or privilege or protection, (c) the Receiving Party shall promptly return or destroy the material in question and any copies.  If the Receiving Party in good faith disputes the claim of privilege or protection, the Receiving Party may maintain one copy of the disputed material, provided it promptly presents the information to the Court under seal for a determination of the claim.  If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The Producing Entity must preserve the information until the claim is resolved.

DATED this 13th day of July, 2007.

Agreed by:

s/Lance C. Venable
Lance C. Venable
Joseph R. Meaney
Venable, Campillo, Logan & Meaney, P.C.
1938 East Osborn Road
Phoenix, AZ 85016
docketing@vclmlaw.com

*Attorneys for Plaintiff and Counter-Claim Defendant MDY Industries, LLC and Third Party Defendant Michael Donnelly*

s/Christian S. Genetski
Christian S. Genetski
Shane M. McGee (Pro Hac Vice)
Samuel Bryant Davidoff (Pro Hac Vice)
SONNENSCHEIN NATH &
ROSENTHAL LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
Telephone: (202) 408-6400
cgenetski@sonnenschein.com
smcgee@sonnenschein.com
sdavidoff@sonnenschein.com

*Attorneys for Defendants, Counter-Claim Plaintiffs, and Third Party Plaintiffs Blizzard Entertainment, Inc. and Vivendi Games, Inc.*

DATED this _____ day of _____, 2007

_____
United States District Judge

## **EXHIBIT A**

      I have reviewed the Stipulated Protective Order, dated \_\_\_\_\_ \_\_, 2007 (the "Stipulated Protective Order") in the matter of *MDY Industries, LLC v. Blizzard Entertainment, Inc., et al.* I understand that pursuant to the Stipulated Protective Order, information disclosed in this matter through discovery shall be held confidential pursuant to the terms of the Protective Order. I hereby agree to be bound by the terms of the Stipulated Protective Order, including all provisions relating to the treatment of confidential information.

      Dated at _____, this \_\_ day of _____, 200\_\_

                                    Signature:_____

                                      Printed Name: _____

                                      Address: _____

                                                        _____