**Law Office of James Burr Shields**
**382 East Palm Lane**
**Phoenix, Arizona 85004-1531**
**(602) 307-0780 (Office)**
**(602) 307-0784 (Facsimile)**

James Burr Shields II, State Bar #011711
John A. Conley, State Bar #016429
Blake Simms, State Bar #021595
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Cathleen Channel,<br>Theresa Wharry,<br>Stacie Hanson,<br>Monique Nichols,<br><br>                  Plaintiffs,<br><br>vs.<br><br>Home Mortgage, Inc., an<br>Arizona corporation conducting<br>business in Arizona,<br>Carl Brown;<br>Molly Brown;<br>Greg Brown;<br>Jane Doe Brown;<br><br>                  Defendants.<br>_____ | Case No. CIV 2003-0100 PHX ROS<br><br>**PLAINTIFFS' REPLY BRIEF RE:**<br><br>**(1) ORDER COMPELLING DISCOVERY;**<br>**(2) DISCOVERY-RELATED SANCTIONS;**<br>**AND (3) PERMISSION TO SUBMIT**<br>**SUPPLEMENTAL BRIEF RE PENDING**<br>**MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiffs, by and through counsel undersigned, hereby reply to the response brief filed by Defendants regarding (1) Plaintiffs' request for an order compelling discovery, (2) Plaintiffs' request for discovery sanctions and (3) Plaintiffs' request for permission to submit a supplemental brief regarding Plaintiffs' pending motion for summary judgment.

It is somewhat difficult to reply to Defendants' response brief as Defendants' counsel makes a variety of strange, ridiculous assertions as he has in recent correspondence. Plaintiffs will try to reply to the points raised in Defendants' brief in the order they are presented.

\* \* \*

\* \* \*

## THE PARTIES' CONDUCT AT THE RECENT SETTLEMENT CONFERENCES

In Plaintiffs' initial brief in regards to the above three issues, Plaintiffs' counsel pointed out that the past six (6) months have been a complete waste of time because of Defendants' conduct at the recent two settlement conferences. Again, prior to the scheduling of these settlement conferences, Defendants then lawyer avowed that the conferences would be productive and, as a result, the Court sent this matter to Judge Aspey to conduct a settlement conference. If the Court truly has any question as to what occurred during these settlement conferences over which Judge Aspey presided, it is respectfully requested that the Court confer with Judge Aspey.

During the first settlement conference, as already pointed out to the Court, Mr. and Mrs. Brown showed up without counsel, completely contrary to Judge Aspey's Order, and agreed to sanctions against them. Mr. and Mrs. Brown, during the first settlement conference, specifically requested that a second settlement conference be scheduled so that they could appear with their new lawyer. Because of this request, and their agreement to pay sanctions, Judge Aspey scheduled the second settlement conference. At this second settlement conference, Mr. and Mrs. Brown appeared with their new lawyer and refused to make any offer whatsoever. Obviously, this was their right to do so. The point in Plaintiffs' initial brief was that the Browns' conduct has pushed this case back six months unnecessarily.

As to Defendants' counsel's description of Plaintiffs' counsel's conduct, it is absolutely ludicrous. All of the interaction referred to by Defendants' counsel occurred in Judge Aspey's courtroom. To the best of undersigned counsel's recollection, both Judge Aspey and his Clerk were still present. The interaction between the attorneys occurred after Judge Aspey chastised both the Browns and their lawyer for their conduct in connection with the settlement conference. The only discussion which occurred between counsel pertained to the scheduling of a follow-up deposition for Mr. Brown in regards to the bank records issue. As pointed in Plaintiffs' initial brief, Mr. Brown's former attorney had

1  already agreed to make Mr. Brown available for this deposition. The entire discussion
2  spanned approximately two minutes and, at no time, did undersigned counsel "physically
3  or verbally threaten" Mr. McGee or the other members of his party. Mr. McGee's
4  allegations in this regard amount to lunacy.

**DISCOVERY ISSUE**

At the risk of redundancy, as clearly explained in Plaintiffs' initial brief in regards to these three matters, the bank records at issue were not provided prior to Mr. Brown's first and only substantive deposition in this case. When that miscommunication was realized, Mr. Karow, Mr. Brown's then attorney, agreed to make him available for follow-up questioning in regards to these particular records. Mr. Karow's agreement in that regard is clearly reflected in two documents he filed with the Court, both of which were attached to Plaintiffs' initial brief regarding these matters – the parties' joint report and a subsequent motion to continue discovery filed by Mr. Brown.

Mr. Brown has apparently contended that he is able to testify that these bank records establish that, despite the fact $700,000 of HMI money was placed in his personal account, that money all went to pay creditors. This purported knowledge flies completely in the face with Mr. Brown's previous testimony to the effect that (1) he had no knowledge of the business of HMI, (2) had absolutely no involvement in its day-to-day operations and (3) had never even reviewed a bank statement. The bottom line is that Plaintiffs are seeking discoverable information and that Mr. Brown's former attorney, in acknowledgment that the bank records were not produced prior to Mr. Brown's deposition, <u>agreed</u> to make him available for questioning concerning these records. Plaintiffs are simply holding Mr. Brown to his previous commitment.

**MOTION FOR SANCTIONS**

It is difficult to address and reply to the crazy allegations in Defendants' response brief beneath the heading "Motion for Sanctions for Abuse of Discovery." First, there is no question whatsoever that the parties are currently engaged in a discovery dispute. It is simply incontrovertable that, in regards to this dispute, the following has occurred:

- 3 -

1. After the parties' second settlement conference failed, Plaintiffs' counsel requested of Defendants' counsel that he make Mr. Brown available for follow-up questioning in regards to the bank records issue, completely consistent with Mr. Brown's commitment to do so. Mr. Brown's counsel refused.

2. Promptly thereafter, undersigned counsel left a telephonic message for Mr. McGee, Mr. Brown's new counsel, to facilitate a joint call to the Court in regards to this discovery matter. Undersigned counsel never heard back from Mr. McGee.

3. On May 7, 2007, undersigned counsel mailed and faxed to Mr. McGee a letter, which was attached as Exhibit C to Plaintiffs' May 11th brief. In that letter, undersigned counsel requested that Mr. McGee contact him to arrange for a joint call to the Court. In that letter, undersigned counsel emphasized that he desired to fully adhere to the Court's Order in regards to discovery disputes. Mr. McGee never communicated with undersigned counsel for the purpose of placing such a joint call to the Court, either in response to his initial telephone message or May 7th letter.

4. On May 10, 2007, Mr. McGee sent to undersigned counsel a six page letter ranting and raving about various issues. A copy of this letter is attached as Exhibit "A" to this brief. The letter was full of insane allegations and accusations which were all untrue and most of which were objectively disprovable by documents which had already been filed in this case. Perhaps the only thing which is clear in Mr. McGee's letter is the statement on page 3 where Mr. McGee states **"Mr. Brown will not be available for a deposition under your terms, under any circumstance, absent a court order."**

5. On May 14, 2007, undersigned counsel responded to Mr. McGee's May 10th letter. A copy of that correspondence is attached as Exhibit "B". In this correspondence, undersigned counsel attempted to disabuse Mr. McGee of many of his misunderstandings and reminded Mr. McGee of the basis for Mr. Brown's obligation to appear for his deposition in regards to the bank records issue.

Mr. McGee, thus, has made it crystal clear that he will not be making Mr. Brown available for a deposition in regards to the bank records issue, despite the previous

commitments on Mr. Brown's behalf to do so. It would be a complete waste of time and money to do as Mr. McGee implies and send out a notice of deposition, prepare for the deposition, and have a court reporter attend merely for the purpose of reconfirming Mr. Brown's refusal to participate.

## CONCLUSION

For the foregoing reasons, as well as those stated in Plaintiffs' May 11th brief, Plaintiffs respectfully request that the Court enter an order (1) compelling Mr. Brown to attend his deposition in regards to the bank records issue, (2) sanctions related to having to bring this motion and (3) permission to submit a supplemental brief regarding Plaintiffs' pending motion for summary judgment, thirty (30) days after Mr. Brown's deposition.

RESPECTFULLY SUBMITTED this 25th day of May, 2007.

LAW OFFICE OF JAMES BURR SHIELDS

_____s/ James Burr Shields_____
James Burr Shields
Blake Simms
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2007, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James M. McGee, Esq.
P.O. Box 460
Cottonwood, Arizona 86326
jimandtina2006@msn.com
Attorney for Defendants

_____s/ Gail Ivey_____