# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Miguel Angulo-Gonzalez, ) | |
| ) | |
| Petitioner, ) | No. 05-CV-387-TUC JMR |
| ) | No. 99-CR-1156-TUC-JMR |
| vs. ) | |
| ) | **ORDER** |
| United States, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On November 20, 2000, following a plea of guilty to violating 21 U.S.C. § 846 & 841(a)(1), Conspiracy to Possess with Intent to Distribute Heroin and Methamphetamine, Petitioner was sentenced to 135 months imprisonment. The judgment was entered November 30, 2000. Petitioner did not appeal. On May 23, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody under 28 U.S.C. § 2255.

"A 1-year period of limitation shall apply to a motion under" § 2255. 28 U.S.C. § 2255. Under that section, the period of limitations runs from "the date on which the judgment of conviction becomes final." Because Petitioner did not appeal, his judgment became final on December 14, 2000, the expiration of his time to file an appeal. His petition is, therefore, time-barred.

Petitioner claims that he is entitled to re-sentencing as a result of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). However, *Booker* does not apply retroactively to convictions that became final prior to its pronouncement. *United States v.*

*Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005). Because he did not appeal, Petitioner's conviction became final on December 14, 2000, more than 4 years before *Booker* was published.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED**.

**IT IS FURTHER ORDERED** that CV 05-387 TUC JMR is **DISMISSED WITH PREJUDICE**.

DATED this 14th day of July, 2008.

_____
John M. Roll
Chief United States District Judge