DANIEL G. KNAUSS
United States Attorney
District of Arizona
CYNTHIA R. WOOD
Assistant United States Attorney
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
cynthia.wood@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 05 - 1329 TUC FRZ (bpv) |
| Plaintiff, | |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO DISMISS THE INDICTMENT FOR SELECTIVE PROSECUTION |
| Ephraim Cruz, | |
| Defendant. | |

Now comes the United States of America, by and through its attorney, DANIEL G. KNAUSS, United States Attorney, and Cynthia R. Wood, Assistant United States Attorney, and requests that this Court deny the defendant's second motion to dismiss on the grounds of selective prosecution, and deny his request for a further evidentiary hearing. Although the defendant alleges that information was hidden from him, the Government made a timely disclosure consistent with this Court's disclosure order. The defendant further alleges that there are two other Border Patrol Agents who were similarly situated in that they transported illegal aliens and this information would have impacted this Court and the Magistrate's decision regarding his first Motion to Dismiss for Selective Prosecution. A cursory reading of the disclosure provided, however, reveals that one of the agents the defendant accuses of transporting illegal aliens, believed that the two women in the car had authorization to be in the United States, and a records check confirmed that at least one of the women did in fact

have authorization to be in the United States.  The defendant has failed to meet his burden to establish that there are others who are similarly situated who have not been prosecuted, nor has he established that his prosecution is based on an impermissible motive.  The defendant is not therefore entitled to dismissal of the indictment, or an evidentiary hearing.

## FACTS

The defendant alleges that the information provided pursuant to *United States v. Henthorn*, was hidden from him until after the evidentiary hearing.

According to the Government records, the documents bates numbered 197 to 284 were submitted to this Court for its review on August 8, 2006.  These documents concerned an allegation of misconduct by Border Patrol Agent Oscar Cornejo.  In its cover letter to the Court, the government requested permission to redact any personal information regarding Agent Cornejo, including his date of birth and social security number, as well as any references to any other border patrol agents.[1]  This Court issued a sealed Henthorn Order on August 30, 2006.  It was received in the United States Attorney's Office on August 31, and the ordered disclosure was mailed to defense on September 5, 2006.  The redactions made to the disclosure were in accordance with this Court's order.

## Legal Argument

The defendant's second motion to dismiss and request for an evidentiary hearing should be denied as untimely and unsupported by the evidence.

The defendant's second motion to dismiss and request for evidentiary hearing should be denied as untimely.  This is actually a motion for reconsideration, based on new evidence,

---

[1] Government employees are prohibited from disclosing personal identifying information in their possession pursuant to their employment by Title 5 United States Code § 552a.  The information can only be released under certain circumstances, including pursuant to a court order.

2

which according to the Local Rule 7.2 (g) should have been filed within ten days of the Court's ruling. In spite of the defendant's claims to the contrary, by his own admission he has had the disclosure since September 7, 2006, (Defense Motion p. 3 line 12.) The defendant's objections to the magistrate's report and recommendation were filed on September 20, 2006. This Court's order adopting the report and recommendation of the Magistrate Judge was not filed until October 24, 2006. No continuance was requested in order to permit further investigation, and the defendant should not be permitted to re-litigate these matters when he has had the evidence well in advance of the order denying his motion.

The defendant's second motion to dismiss on the grounds of selective prosecution and request for an evidentiary hearing should also be denied on the grounds that it is unsupported by any evidence. The defendant alleges that Border Patrol Agents Oscar Cornejo and Javier Cardoza were caught in the act of transporting illegal aliens, but were not charged. This, he alleges, is proof of retaliation by management of Customs and Border Protection as evidenced by its failure to refer the case to the Office of the Inspector General. However a cursory reading of the disclosure reveals why these individuals were not charged with transporting illegal aliens. There is no proof that either woman was illegally in the United States, and Agent Cornejo specifically stated that he believed that the two women were border crossers. Defendant's exhibit attached to his motion, page 4, second paragraph states:

> Cornejo stated that he knows Rosa and RIVERA from the clubs in Agua Prieta, Sonora, Mexico, and he stated that as far as he knows both females have Border Crosser Cards and were present in the United States legally. Cornejo stated that he has never had contact with either of the females in an on-duty capacity.

Although only the first name of one of the women was provided, the full name and date of birth of the woman referred to as "Rivera" had been obtained by the DPS officer. As a result, defendant's exhibit attached to his motion, page 5, the last paragraph states:

3

A search of Central Index System (CIS) revealed that RIVERA-Duarte, Celia Del Carmen **is a Border Crossing Card holder** under _____. ( A-number) Records could not be run on Rosa since her last name and DOB are not known. (Emphasis added.)

To state the obvious, there is simply no way to charge Agent Cornejo or Agent Cardoza with transporting illegal aliens if the individuals they are accused of transporting have legal authorization to be in the United States. Even without confirmation of Rosa's status, it would still be the government's burden to establish that she was here illegally, which cannot be done given the current evidence. Furthermore, there is no information that Agent Cornejo or Cardoza knew or even thought she was in the U.S. illegally. To compare this case with the defendant's case is to merely highlight the differences. There is overwhelming evidence of the defendant's guilt in this case. The defendant in a taped interview confessed to transporting the illegal alien through the Douglas port of entry, and admitted that he had been told that she was illegally in the U.S., and had previously been deported.

Finally although the defendant assumes that because the investigation was conducted by the Office of Internal Audit, that it was not referred to the Office of the Inspector General, he is incorrect. Customs and Border Protection management, per policy, generated a serious incident report (SIR), which according to the cover sheet was faxed to the OIG and Joint Intake Center in Washington, D.C.

As stated in *United States v. Aguilar*, 883 F.2d 662, 706 (9th Cir. 1989) overruled on other grounds by *United States v. Gonzalez-Torres*, 309 F.3d. 594 (9th Cir. 2002):

> The goal of identifying a similarly situated class of law breakers is to isolate the factor allegedly subject to impermissible discrimination. The similarly situated group is the control group. The control group and the defendant are the same in all relevant respects, except that defendant was, for instance, exercising his first amendment rights. If all other things are equal, the prosecution of only those persons exercising their constitutional rights give rise to an inference of discrimination. But where the comparison group has less in common with [the] defendant, then factors other than the protected

4

expression may very well play a part in the prosecution.

*Aguilar*, at 706.

Absent a similarly situated control group the government's prosecution of a defendant exercising his constitutional rights proves nothing. *Aguilar*, at 706.

> Citizens are entitled to equal protection of the law but these decisions do not hold that citizens are entitled to equal protection from the laws. The fact that not all criminals are prosecuted is no valid defense to one prosecuted ... The administration of such a matter lies in the discretion of the prosecuting attorney.

*United States v. Choate*, 619 F.2d 21, 23 (9th Cir. 1980) citing *United States v. Manno*, 118 F.Supp. 511, 515 (N.D. Ill. 1954.)

## CONCLUSION

Based on all of the above the government respectfully requests that this Court deny any request for an evidentiary hearing regarding this matter, and deny the second motion to dismiss for selective prosecution.

Respectfully submitted this 20th day of February, 2007.

DANIEL G. KNAUSS
United States Attorney
District of Arizona

*s/ Cynthia R. Wood*

CYNTHIA R. WOOD
Assistant U.S. Attorney

Copy of the foregoing sent electronically
and otherwise this 20th day of February, 2007, to:

5

1. Roger Sigal
2. 447 South Meyer Avenue
   Tucson, AZ  85701
3. Attorney for Defendant
4. 
5. 
6. 
7. 
8. 
9. 
10. 
11. 
12. 
13. 
14. 
15. 
16. 
17. 
18. 
19. 
20. 
21. 
22. 
23. 
24. 
25. 
26.