**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MDY Industries, LLC, | No. CV-06-2555-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Blizzard Entertainment, Inc.; and Vivendi Games, Inc., | |
| Defendants/Counterclaimants. | |
| Blizzard Entertainment, Inc.; and Vivendi Games, Inc., | |
| Third-Party Plaintiffs, | |
| vs. | |
| Michael Donnelly, | |
| Third-Party Defendant. | |

On July 14, 2008, the Court issued an order granting in part and denying in part the parties' motions for summary judgment. Dkt. #82. The Court granted summary judgment in favor of Blizzard Entertainment and Vivendi Games (collectively, "Blizzard") with respect to liability on Blizzard's claims for copyright infringement and tortious interference with contract. *Id.* at 26, ¶ 1. Blizzard has filed a motion for a permanent injunction and an alternative motion to amend judgment. Dkt. #84. Blizzard essentially seeks summary

judgment on its prayer for permanent injunctive relief. *See* Dkt. #10 at 20. Blizzard makes legal arguments with respect to the four-part injunctive relief test (Dkt. #84 at 3-7), requests a broad but specific form of injunction (*id.* at 7-11), and presents affidavits and other evidence in support of its arguments and injunction request (Dkt. ##84-2, 84-3, 84-5, 84-6). MDY Industries and Michael Donnelly oppose Blizzard's request, arguing that Blizzard has not, as a matter of law, satisfied the test for injunctive relief. Dkt. #85.

The deadline for filing dispositive motions was March 21, 2008. Dkt. #33. Blizzard's motion for a permanent injunction was filed on July 28, 2008, more than four months late. Moreover, Blizzard was limited, absent leave of Court, to one motion for summary judgment. Dkt. #20 at 4, ¶ 7(b). Blizzard does not contend that it was somehow precluded from requesting the permanent injunction it now seeks in its initial summary judgment motion. Blizzard itself acknowledges that "'there is nothing novel about a permanent injunction issued on summary judgment[.]'" Dkt. #86 at 2 (quoting *Continental Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1102 (9th Cir. 1994)) (alteration omitted).

Because Blizzard's motion for a permanent injunction was not timely filed, the Court will deny the motion without prejudice. Blizzard may, of course, seek a permanent injunction at trial.

**IT IS ORDERED** that Blizzard Entertainment's and Vivendi Games' motion for a permanent injunction and alternative motion to amend judgment (Dkt. #84) is **denied** without prejudice.

DATED this 18th day of September, 2008.

_____
David G. Campbell
United States District Judge