**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MDY Industries, LLC, ) | No. CV-06-2555-PHX-DGC |
| Plaintiff/Counterdefendant, ) | **ORDER** |
| vs. ) | |
| Blizzard Entertainment, Inc.; and ) Vivendi Games, Inc., ) | |
| Defendants/Counterclaimants ) | |
| Blizzard Entertainment, Inc.; and Vivendi ) Games, Inc., ) | |
| Third-Party Plaintiffs, ) | |
| vs. ) | |
| Michael Donnelly, ) | |
| Third-Party Defendant. ) | |

This copyright action involves a multiplayer online role-playing game known as World of Warcraft ("WoW"). WoW players control characters within a virtual universe, exploring the landscape, fighting monsters, performing quests, building skills, and interacting with other players and computer-generated characters. As players succeed, they acquire in-game assets, experience, and power. Players can advance from level 1 to level 70.

Jonathan Riches, purportedly doing business under various aliases, has filed a pro se motion seeking leave to intervene in this action as a plaintiff. Dkt. #98. Mr. Riches asserts that WoW has "caused his mind to live in a virtual universe" and lose "touch with reality."

*Id.* He claims that this caused him to "commit fraud to buy Defendants' video games" and to "choose [WoW] over working a legit job." *Id.*

Mr. Riches has not shown that he is entitled to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 24(a)(1)-(2).

A court may grant permissive intervention under Rule 24(b) if the movant provides an independent basis for jurisdiction, the motion is timely, and the applicant's claims or defenses have a question of law or fact in common with the main action. *See* Fed. R. Civ. P. 24(b)(1)(A); *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989). Mr. Riches' motion satisfies none of these requirements. *See* Dkt. #98.

Moreover, even if the requirements were satisfied, permissive intervention is a matter within the sound discretion of the district court. *See Venegas*, 867 F.2d at 530; *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3); *see Kootenai Tribe*, 313 F.3d at 1111 n.10. The Court concludes that permitting Mr. Riches to intervene at this late stage of the litigation will unduly delay the proceedings and will prejudice the parties.[1]

**IT IS ORDERED** that Jonathan Riches' motion for leave to intervene (Dkt. #98) is **denied**.

DATED this 21st day of November, 2008.

_____
David G. Campbell
United States District Judge

---

[1] It is worth noting that this is not Mr. Riches first attempt to intervene in an action before the Court. *See Best Western International, Inc. v. Doe*, CV-06-1537-PHX-DGC; *see also Tsirekidze v. Syntax-Brillian Corp.*, CV-07-2204-PHX-FJM.