**SONNENSCHEIN NATH & ROSENTHAL LLP**
Scott Stein (AZ Bar No. 022709)
Shaun Klein (AZ Bar No. 018443)
2398 East Camelback Road, Suite 1060
Phoenix, AZ 85016-9009
Facsimile (602) 508-3914
Telephone (602) 508-3900

Christian S. Genetski (*Pro Hac Vice*)
Shane M. McGee (*Pro Hac Vice*)
1301 K Street, NW, Suite 600 East
Washington, DC 20005
Facsimile (202) 408-6399
Telephone (202) 408-6400

Attorneys for Defendants Vivendi Games, Inc. and Blizzard Entertainment, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| MDY INDUSTRIES, LLC,          ) | **Case No.:** CV06-02555-PHX-DGC |
| Plaintiff and Counter-Claim ) | |
| Defendant                                ) | **MEMORANDUM OPPOSING STAY OF PERMANENT INJUNCTION** |
| )  | |
| vs.                                             ) | |
| )  | |
| BLIZZARD ENTERTAINMENT, INC., ) | |
| and VIVENDI GAMES, INC.       ) | |
| )  | |
| Defendants and                       ) | |
| Counter-Claim Plaintiffs.       ) | |
| _____) | The Honorable David G. Campbell |
| BLIZZARD ENTERTAINMENT, INC., ) | |
| and VIVENDI GAMES, INC.       ) | |
| )  | |
| Third-Party Plaintiffs,           ) | |
| )  | |
| vs.                                             ) | |
| )  | |
| MICHAEL DONNELLY,            ) | |
| )  | |
| Third-Party Defendant.          ) | |
| _____) | |

Per the Court's January 28, 2009 Order, Blizzard Entertainment, Inc. ("Blizzard") respectfully submits its position on: 1) the appropriate terms of a permanent injunction; 2) whether the injunction should be stayed pending appeal; and 3) what bond or other measures should be imposed for a stay of the money judgment and a potential stay of the injunction to protect Blizzard's interests during the pendency of the appeal.

## I. The Scope of the Injunction

In its July 23, 2008 motion for a permanent injunction and subsequent reply, Blizzard presented arguments regarding the proper scope of an injunction against MDY Industries, LLC and Michael Donnelly (collectively, "MDY"), and presented the Court with a Proposed Order.  That proposed injunction:  1) precludes MDY and all those acting in concert from marketing, selling, supporting, maintaining or further developing Glider or similar software;  2) orders MDY to shut down its authentication server and disable all existing Glider keys; 3) prohibits MDY from releasing Glider source code; and 4) enjoins MDY from assisting third parties in developing botting software for use with WoW.  Blizzard articulated its need for this relief in its Memorandum in Support of its prior motion (Dkt. 84, 7-9) and its Reply (Dkt. 86, 8-9), and incorporates those arguments by reference here.[1]

## II. MDY Cannot Meet the Burden for Staying the Injunction.

MDY failed at trial to present evidence supporting the "extraordinary device" of a stay of an equitable order.  There is no right to stay an injunction pending appeal.  *See* Fed.R.Civ.P. 62(c) and (d) (stay as matter of right only for money judgments); *Nat'l Labor Relations Bd. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (court may stay injunction if burden met and "terms for bond or other terms that secure the opposing party's rights" imposed).  Rather, "[s]ince [a stay] interrupts the ordinary process of judicial review and postpones relief for the prevailing party at trial, the stay of an equitable order is an *extraordinary device which should be sparingly granted*."  *United*

---

[1] Blizzard submits as Ex. A a revised Proposed Order that reflects the Court's findings on the DMCA at trial, and requests the Court enter an Order in that form.

- 2 -

*States v. Texas*, 523 F. Supp. 703, 729 (E.D. Tex. 1981) (emphasis added); *In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980) (stays "should be sparingly employed and reserved for the exceptional situation").

Invocation of this sparingly employed relief is unwarranted here, where none of the four factors this Court must apply to determine the propriety of a stay weigh in MDY's favor.  The four factor test measures:  "1) whether the applicant has made a strong showing of likelihood of success on the merits; 2) whether the applicant will be irreparably injured unless a stay is granted; 3) whether the grant of a stay will substantially injure other interested parties; and 4) where the public interest lies." *Overstreet v. Thomas Davis Medical Centers, P.C.*, 978 F. Supp. 1313, 1314 (D. Ariz. 1997), *citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

*Likelihood of Success.*  To establish likelihood of success, a movant must show that "the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Overstreet*, 978 F. Supp. at 1314 (internal citations omitted).  Courts have also recognized that "an applicant seeking a stay [as opposed to a preliminary injunction] will have more difficulty establishing the first factor, likelihood of success on the merits, due to the difference in procedural posture." *Fullmer v. Mich. Dep't. of State Police*, 207 F. Supp. 2d 663, 664 (E.D. Mich. 2002).  The Federal Circuit has found the failure to show likelihood of success on the merits to be dispositive, even where the petitioner can demonstrate irreparable injury in the absence of a stay.  *Blankenship v. Boyle*, 447 F.2d 1280 (Fed. Cir. 1971).

The Court found MDY liable on separate grounds of tortious interference, copyright infringement, and violation of the DMCA.  Blizzard is entitled to injunctive

- 3 -

relief on each of these claims individually, and thus MDY must show that the appeal raises serious and difficult questions of law, and that the law is unclear, with regard to *every* claim. Although this Court acknowledged in its Order that "reasonable minds can disagree" on the RAM-copying and ownership holdings of *MAI*, the fact remains that *MAI* and *Wall Data*[2] are firmly established Ninth Circuit precedents, and only subject to reversal through *en banc* action by the Ninth Circuit. An appeal that requires *en banc* reversal is hardly "likely to succeed." On the DMCA claims, MDY's contentions at trial centered largely on the copyrightability, and Blizzard's status as the author, of the graphical elements of computer games. The Court recognized these arguments had been squarely and uniformly rejected, and they are unlikely to be disturbed on appeal.

Finally, and most significantly, the question on tortious interference is not close. This Court found the record so replete with undisputed facts that overwhelmingly supported the imposition of liability as a matter of Arizona state law that it granted summary judgment in plaintiff's favor. The Court reaffirmed these same findings in holding Donnelly personally liable for his tortious acts. MDY has argued repeatedly that the copyright question is novel and subject to dispute, but has never raised similar questions on the tort claim, because no such questions exist. Under the applicable standard, MDY cannot show a likelihood of success on appeal on the tort claim, and that finding alone is sufficient to deny a stay.

*Irreparable Injury.* To date, MDY's sole claimed injury is that, absent a stay, it cannot remain in business and afford to prosecute its appeal. The Ninth Circuit has long held, however, that the inability to finance further litigation in the absence of a stay of the

---

[2] *Wall Data Inc. v. Los Angeles County Sheriff's Dep't*, 447 F.3d 769 (9th Cir. 2006).

injunction does not constitute grounds for a stay. *Pioche Mines Consol., Inc. v. Dolman*, 336 F.2d 789, 790 (9th Cir. 1964). Further, prospective monetary damage resulting from lost Glider profits or alleged competitive disadvantage does not constitute irreparable injury. *Stop H-3 Ass'n*, 353 F. Supp. at 18. *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995) ("[w]here the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration[.]'")

*Substantial Injury to Other Parties.* Immediate enforcement of the injunction greatly benefits not only Blizzard, which would be able to divert resources now applied to fighting Glider to other pursuits to improve the WoW experience, but also the WoW player community, whose experience is negatively impacted by the continued presence of Glider in the game. Conversely, the only persons "injured" by an injunction are Glider users who willfully breached their license agreements and cheated other players. MDY cannot meet its burden on this factor.

*Public interest.* In its January 29, 2009 Order, the Court recognized that "the public interest is served by protecting the creative works of those who obtain copyright protection," and that it "disfavors those who circumvent technological measures designed to protect creative works." Order at 21. Thus, MDY cannot prove this factor.

**III. Any Stay of the Money Judgment or the Injunction Should Include a Bond that Fully Protects Blizzard's Ability to Recover Damages.**

**A. A Full Supersedeas Bond is Necessary to Stay the Money Judgment.**

The parties previously submitted a stipulated judgment for $6 million that applies equally to MDY Industries and Donnelly, and that by its terms remains fully enforceable

if *any* of Blizzard's three claims that are affirmed on appeal.[3] Rule 62(d) provides an automatic stay of money judgments, but only if MDY posts a bond "in sufficient amount to cover the unsatisfied judgment, costs on appeal, interest and damages for delay." *In re Wymer*, 5 at 805; *Nat'l Labor Relations Bd. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). Moreover, because "[t]he purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution [] a ***full*** supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (emphasis added). Here, a full bond would cover Blizzard's total damages award, plus costs on appeal and pre- and post-judgment interest. Accordingly, Blizzard requests that the Court order MDY to post a bond for at least the full stipulated judgment amount to stay execution of the judgment pending appeal.

MDY bears the burden of demonstrating a compelling reason for this Court to depart from the full bond precedent. *In re Wymer*, 5 B.R. at 807, *citing Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Departure from the full security bond requirement should be made only in "extraordinary circumstances," such as where "defendant's ability to pay is so plain that the cost of the bond would be a waste of money." *Olympia Equip. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *S.E.C. v. Yun*, 208 F. Supp. 2d 1279, 1282 (M.D. Fla. 2002). On the contrary, MDY's arguments suggest that they lack sufficient assets to satisfy the judgment or even post a substantial bond. Accordingly, MDY's argument that

---

[3] The parties are negotiating and anticipate filing shortly a stipulation for damages incurred since the entry of the previous stipulation. Blizzard requests a bond for the full amount of that forthcoming stipulation. Should this Court impose a bond for less than the full amount, Blizzard reserves the right to seek alternate relief to ensure MDY assets are preserved and available to satisfy the judgment after appeal.

a substantial bond will put them out of business and constrain their ability to appeal weighs in favor of a substantial bond, not against it. *See Bolt v. Merrimack Pharmaceuticals, Inc.*, 2005 WL 2298423 at *4 (financial hardship not dispositive where it "conflicts with plaintiff's right to promptly enjoy the benefits of his judgment").

### B. A Stay of the Permanent Injunction Requires an Additional Bond.

Should the Court entertain staying the injunction, Blizzard requests that MDY be required to post an additional bond (beyond the supersedeas bond to stay the money judgment) to protect additional, irreparable damages Blizzard will incur if Glider sales continue during an appeal.[4] The undisputed facts at trial were that Blizzard's enforcement costs in combating Glider total "at least $942,614.57 per year." Blizzard also provided evidence of the ongoing damage to its customer goodwill and loss of customers from Glider. Accordingly, Blizzard requests that if a stay is granted, MDY be required to post a bond of at least $1 million to account for the minimum, undisputed hard costs Blizzard will incur during the pendency of the appeal.

Although these costs are certain, MDY's ability to make Blizzard whole should Blizzard prevail on appeal is, by MDY's own admission, open to question. MDY's lack of financial reserves do not, however, justify imposing a lower bond to enable their continued operation of a tortious business pending appeal. MDY's right to appeal is unfettered, but the only consideration in determining an appropriate bond is the protection of Blizzard's right to recover if it prevails. Simply put, if MDY cannot post an adequate bond to ensure that protection, then it is not entitled to a stay.

---

[4] "[C]ourt may suspend . . . injunction on terms for bond or other terms that secure the opposing party's rights." *Nat'l Labor Relations Bd.*, 859 F.2d at 819.

| | |
|---|---|
| Dated: February 13, 2009 | Respectfully submitted, |

Shaun Klein
SONNENSCHEIN NATH & ROSENTHAL LLP
2398 East Camelback Road, Ste 1060
Phoenix, AZ  85106-9009
Telephone:  (602) 508-3900
Facsimile:  (602) 508-3914

/s/ Christian S. Genetski
Christian S. Genetski
Shane M. McGee
1301 K Street, NW, Ste 600E
Washington, DC  20005
Facsimile (202) 408-6399
Telephone (202) 408-6400

Attorneys for Defendants Blizzard Entertainment, Inc. and Vivendi Games, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email Address |
|---|---|
| Lance C. Venable | docketing@vclmlaw.com |
| Joseph Richard Meaney | docketing@vclmlaw.com<br>jmeaney@vclmlaw.com |
| Public Knowledge<br>Connie Jo Mableson | connie@azlawyers.com |

/s/  Christian S. Genetski