**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

MDY INDUSTRIES, LLC,                )
                                    )   **Case No.:** CV06-02555-PHX-DGC
   Plaintiff/Counterdefendant )
                                    )   **ORDER AND STIPULATED**
                                    )   **JUDGMENT**
                                    )
   vs.                          )
                                    )
BLIZZARD ENTERTAINMENT, INC., )
and VIVENDI GAMES, INC.             )
                                    )
   Defendants/Counterclaimants )
                                    )
_____)
BLIZZARD ENTERTAINMENT, INC., )
and VIVENDI GAMES, INC.             )
                                    )
   Third-Party Plaintiffs,      )
                                    )
   vs.                          )
                                    )
MICHAEL DONNELLY,                   )
                                    )
   Third-Party Defendant.       )
_____)

In this Court's July 14, 2008 Order, the Court granted summary judgment in favor of Blizzard with respect to MDY's liability for tortious interference (Count I) and contributory and vicarious copyright infringement (Counts II-III). That Order also granted summary judgment in favor of MDY on a portion of the DMCA claim (Count IV) and the unfair competition claim (Count VI) and contemplated that trial would follow

on damages for Counts I, II and III as well as on the claims, or portions thereof, that remained unresolved -- portions of the DMCA claim, the trademark claim, and the unjust enrichment claim.

On September 26, 2008, the Court entered an Order and Stipulated Judgment in which it affirmed certain undisputed facts submitted by the parties and entered a stipulated judgment against MDY Industries, LLC in the amount of $6,000,000 on Counts I, II, and III of Blizzard's Counterclaims and Third Party Complaint (the "Complaint") for damages incurred up through September 1, 2008.[1] That Order and Stipulated Judgment also held that in the event the Court determined that Michael Donnelly was personally liable under Counts I, II, or III of the Complaint, the $6,000,000 damages award would extend equally to him.

On January 28, 2009, this Court entered an Order finding Michael Donnelly personally liable on Counts I, II, and III of the Complaint, and finding MDY Industries LLC and Michael Donnelly liable on Count IV of the Complaint, Blizzard's claims under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201(a)(2) and (b)(1). The parties now seek entry of this Order and Stipulated Judgment to address damages incurred by Blizzard on Counts I, II, and III from September 1, 2008 through February 23, 2009, and to address Michael Donnelly's personal liability, based on the undisputed facts included in the September 28, 2008 Order and Stipulated Judgment and the parties' stipulation here as to Blizzard's ongoing enforcement costs and MDY and Donnelly's

---

[1] That same Order dismissed Blizzard's trademark and unjust enrichment claims per the parties' stipulation.

continued profits from September 2008 to February 23, 2009, and subject to the terms set forth herein.[2]

The parties agree and understand that this stipulated judgment will be the final word on Blizzard's right to recover damages on Counts I-III of the Complaint. That is, the parties knowingly waive their right to argue in any future proceeding that the damages that Blizzard is entitled to receive on Counts I-III of the Complaint for conduct from June 14, 2005 through February 23, 2009 should be more or less than the damages specified herein. Furthermore, even if the determinations of summary judgment or the Court's January 28 Order after bench trial are appealed and reversed or modified on appeal, this stipulated judgment as to damages shall remain in effect as a stipulation as to the agreed-upon amount of damages related to each of Counts I, II, and III of the Complaint so long as liability on any of those counts is affirmed, or is subsequently proven to a jury.

WHEREFORE, based upon the disputed and undisputed facts and the agreement of the parties,

**IT IS ORDERED**:

1. Blizzard shall be entitled to recover the total sum of $6,500,000 as monetary damages for counts I, II, and III of its Counterclaims and Third Party Complaint related to the sale of Glider up through and including February 23, 2009.

---

[2] The parties have attempted unsuccessfully to reach agreement on a stipulated damages amount for MDY and Michael Donnelly's violations of the DMCA (Count IV of the Complaint). Accordingly, Blizzard will file a motion seeking entry of judgment on the DMCA claims based on a computation of statutory damages or, in the alternative, an amount mirroring the actual damages as stipulated to by the parties for the copyright and tortious interference claims. MDY and Donnelly shall offer their own proposed damages award on the DMCA claims.

2. Blizzard shall not be entitled to double or triple recovery for counts I, II, and III. That is, Blizzard shall be entitled to receive a total of $6,500,000 in damages for counts I, II, and III. However, should liability on any one or two of the counts be reversed on appeal, any remaining count shall independently support the $6,500,000 award.

3. Michael Donnelly is personally liable for the $6,500,000 damage award under counts I, II, and III.

Dated this 2nd day of March, 2009.

*David G. Campbell*
United States District Judge