**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

MDY INDUSTRIES, LLC, )
             )
    Plaintiff/Counterdefendant )
             )
             )
             )
             )
    vs. )
             )
BLIZZARD ENTERTAINMENT, INC., )
and VIVENDI GAMES, INC. )
             )
    Defendants/Counterclaimants )
             )
_____ )
BLIZZARD ENTERTAINMENT, INC., )
and VIVENDI GAMES, INC. )
             )
    Third-Party Plaintiffs, )
             )
    vs. )
             )
MICHAEL DONNELLY, )
             )
    Third-Party Defendant. )
_____ )

**Case No.:** CV06-02555-PHX-DGC

**BLIZZARD ENTERTAINMENT, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF DMCA DAMAGES JUDGMENT**

Blizzard Entertainment, Inc. ("Blizzard") files this short Reply in support of its motion for entry of a DMCA damages award to address the primary argument in MDY Industries, LLC and Michael Donnelly's (collectively, "MDY") Response, namely that the Court should reduce or remit any statutory damages award because MDY and Donnelly are "innocent infringers" under 17 U.S.C. § 1203(c)(5)(A). In support of this position, MDY erroneously contends that the DMCA uniquely and unambiguously disfavors awarding damages in cases where the defendant is "only deemed a violator in

hindsight."[1] MDY offers no authority, however, that supports this view of the DMCA. In fact, contrary to MDY's suggestion, the "innocent infringer" provision in the DMCA mirrors the same provision in the Copyright Act, and in that context both courts and commentators have rejected MDY's interpretation of the requirement that the infringer was "not aware and had no reason to believe that its acts constituted a violation."[2]

MDY contends that because this case is one of first impression it had no reason to believe its sale of Glider violated the DMCA prior to such a finding by the Court, and therefore its violations were innocent. As cases employing the identical standard in the copyright context demonstrate, however, MDY confuses the standard for *willful* infringement with that for *innocent* infringement. Courts and commentators alike have noted that defendants who, as MDY positions itself here, "ha[ve] been notified that [their] conduct constitutes copyright infringement, but who reasonably and in good faith believe[] the contrary, [are] not 'willful' [infringers]."[3] These same authorities also recognize, however, that a lack of willfulness does not equate to innocence:

> It is plain that 'willfully' infringing and 'innocent intent' are not the converse of one another. Thus, it is possible in the same action for a plaintiff not to be able to prove a defendant's willfulness, and, at the same time, for the defendant to be unable to show that it acted innocently.[4]

---

[1] *See* MDY Response, p. 2.

[2] *See* U.S.C. 17 § 504(c)(2).

[3] 4 Melville D. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[B][3][a] (*citing Zomba Enters., Inc. v. Panorama Records, Inc.,* 491 F.3d 574, 584 (6th Cir. 2007); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 959 (9th Cir. 2001)).

[4] *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir.1986); *see also* 4 *Nimmer on Copyright* § 14.04[B][3][a] ("willfully means with knowledge that the defendant's conduct constitutes copyright infringement. Otherwise, there would be no point in providing specially for the reduction of minimum awards in the case of innocent copyright infringement as any infringement that was nonwillful would by definition be

On the contrary, the burden of establishing that the defendant had no reason to believe its conduct was infringing "is a heavy one, and it is difficult to see how any commercial entity could satisfy it under normal conditions."[5] Indeed, the innocent infringer provision "is directed toward individuals who acted in complete ignorance of the fact that [their] conduct might somehow infringe upon the rights of another party."[6] For example, in *National Football League v. Primetime 24*, the court noted that it "ha[d] not turned up any case where a defendant who knew of the plaintiff's copyright claim but disagreed with the claim was held an 'innocent' infringer" and that the provision's use "appears to have has [*sic*] been limited to cases where the defendant (often unsophisticated) proves that it did not know about plaintiff's copyright and *immediately ceased its infringing conduct upon being made aware of plaintiff's copyright claim*."[7] In short, defendants who are put on notice of a copyright holder's assertion of a claim and nonetheless persist in the conduct giving rise to that claim may, in a "close" or "first impression" case, avoid a finding of willfulness, but cannot meet their burden for establishing innocence.[8]

---

innocent.")

[5] 2 William F. Patry, *Copyright Law & Practice* at 1175 (1994); s*ee also* 4 *Nimmer on Copyright* § 14.04[B][2][a].

[6] *Id.* (citing cases).

[7] 131 F.Supp. 2d 458, 477 (S.D.N.Y. 2001) (emphasis added). In *National Football League*, the court also expressed doubt that a defendant's reliance on counsel's advice that its conduct was non-infringing would support a finding of infringement where the defendant was aware of the plaintiff's assertion of a claim.

[8] *Broadcast Music, Inc. v. Blueberry Hill Family Restaurants, Inc.*, 899 F.Supp. 474, 476 (D. Nev. 1995)(rejecting assertion of innocent infringement where plaintiff had sent several notices of claimed infringement to defendant and paid a personal visit).

Finally, the only case either party cites that specifically addresses the DMCA's innocent infringer provision is consistent with these authorities. In *Sony Comp. Enter. Am., Inc. v. Divineo, Inc.*,[9] the court refused to find the defendant an innocent violator and instead assessed enhanced DMCA damages based on the defendant's continued sale of certain circumvention devices after the filing of plaintiff's suit, even where the defendant ceased selling another circumvention device. In conclusion, although the evidence and argument MDY puts forth may be relevant to a determination of willfulness, MDY has failed to carry the heavy burden of proving it is an innocent infringer. Blizzard respectfully requests that the Court enter an Order awarding Blizzard statutory damages on its DMCA claim in one of the alternate forms provided in the proposed order filed with its motion.

Dated: March 17, 2009                     Respectfully submitted,

| | |
|---|---|
| Shaun Klein | /s/ Christian S. Genetski |
| SONNENSCHEIN NATH & | Christian S. Genetski |
| ROSENTHAL LLP | Shane M. McGee |
| 2398 East Camelback Road, Ste 1060 | 1301 K Street NW, Ste 600E |
| Phoenix, AZ 85106-9009 | Washington, DC 20005 |
| Telephone: (602) 508-3900 | Telephone: (202) 408-6400 |
| Facsimile: (602) 508-3914 | Facsimile: (202) 408-6399 |

Attorneys for Defendants/Counterclaimants Blizzard Entertainment, Inc. and Vivendi Games, Inc.

---

[9] 457 F. Supp. 2d 957, 967 (N.D. Cal. 2006).

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email Address |
|---|---|
| Lance C. Venable | docketing@vclmlaw.com |
| Joseph Richard Meaney | docketing@vclmlaw.com<br>jmeaney@vclmlaw.com |
| Public Knowledge<br>Connie Jo Mableson | connie@azlawyers.com |

/s/  Christian S. Genetski