**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MDY Industries, LLC,<br>        Plaintiff/Counterdefendant,<br>vs.<br>Blizzard Entertainment, Inc.; and Vivendi Games, Inc.,<br>        Defendants/Counterclaimants.<br>_____<br>Blizzard Entertainment, Inc.; and Vivendi Games, Inc.,<br>        Third-Party Plaintiffs,<br>vs.<br>Michael Donnelly,<br>        Third-Party Defendant. | No. CV-06-2555-PHX-DGC<br><br>**ORDER** |

On March 10, 2009, the Court issued an order denying a stay pending appeal of the permanent injunction entered on Blizzard Entertainment, Inc. and Vivendi Games, Inc.'s tortious interference claim against MDY Industries, Inc. and Michael Donnelly. Dkt. #116 at 5-7. MDY and Donnelly have filed a motion for reconsideration of that order. Dkt. #118. The Court will deny the motion.[1]

---

[1] MDY and Donnelly's request for oral argument is denied because they have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1  This District has identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); *see also* LRCiv 7.2(g)(1). None of these circumstances has been established by MDY and Donnelly.

In its March 10, 2009 order, the Court denied a stay with respect to the tortious interference claim because MDY and Donnelly did not identify serious questions that will be raised by their tortious interference appeal. Dkt. #16 at 6. In support of their stay request, MDY and Donnelly argued only that serious questions exist with respect to the copyright and DMCA claims and that "[w]ithout a copyright and DMCA violation, Blizzard could not meet the elements for tortious interference with contract." Dkt. #111 at 5 n.14. The Court rejected that argument. Dkt. #116 at 6-7.

MDY and Donnelly now identify eight new reasons why their tortious interfere appeal may raise serious questions: (1) "honest persuasion" is not limited to competition, (2) the Court's intent analysis was incomplete, (3) MDY was not "participating" in the breach by merely selling and supporting software openly and honestly, (4) MDY's profit motive does not favor Blizzard, (5) MDY was privileged to avoid Warden, (6) Glider was not the "but for" cause of the breaches, (7) the relationship between the parties favors MDY, and (8) a reasonable jury could find in favor of MDY. Dkt. #118 at 1-2. MDY and Donnelly do not explain why they failed to raise these issues earlier, as required by the Court's local rules. *See* LRCiv 7.2(g)(1). They note that the Court limited their brief to seven pages, but they did not assert in the brief that they had insufficient space to make all arguments. *See* Dkt. #111. Nor did they seek an extension of the page limit. MDY and Donnelly know that the Court

previously has granted page-limit extensions in this case. *See* Dkt. ##38, 72.

Having lost the only argument for a stay that they chose to make, MDY and Donnelly now seek reconsideration on the basis of eight entirely new arguments. A motion for reconsideration, however, "is not a forum for the moving party to make new arguments not raised in its original briefs." *James v. Schriro*, No. CIV 00-1118 PHX-NVW, 2008 WL 3540504, at *1 (D. Ariz. Aug. 12, 2008) (citing *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)); *see* LRCiv 7.2(g)(1).

**IT IS ORDERED:**

1. MDY and Donnelly's motion for reconsideration (Dkt. #118) is **denied**.
2. MDY and Donnelly's request to stay permanent injunction pending disposition of motion for reconsideration (Dkt. #119) is **denied** as moot.

DATED this 25th day of March, 2009.

_____
David G. Campbell
United States District Judge