**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MDY Industries, LLC, | No. CV-06-2555-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Blizzard Entertainment, Inc.; and Vivendi Games, Inc., | |
| Defendants/Counterclaimants. | |
| Blizzard Entertainment, Inc.; and Vivendi Games, Inc., | |
| Third-Party Plaintiffs, | |
| vs. | |
| Michael Donnelly, | |
| Third-Party Defendant. | |

Blizzard Entertainment, Inc. and Vivendi Games, Inc. (collectively, "Blizzard") are the creators and operators of a multiplayer online role-playing game known as World of Warcraft ("WoW"). MDY Industries, LLC ("MDY") is the owner and distributor of a software program known as Glider that plays WoW for its owners while those owners are away from their computer keyboards. MDY sought a declaratory judgment that Glider does not infringe rights owned by Blizzard. Dkt. ##1, 5. Blizzard filed a counterclaim and a third-party complaint against Michael Donnelly, the founder of MDY. Dkt. #10.

Blizzard's claims against MDY and Donnelly include a claim under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. ("DMCA"). Blizzard alleges that MDY and Donnelly have violated the DMCA by trafficking in technological products and services designed to circumvent technological measures Blizzard has put in place to control access to its copyrighted work and to protect its rights as the copyright owner of WoW. Blizzard brought claims under sections 1201(a)(2) and 1201(b)(1) of the DMCA. Dkt. #10 ¶¶ 98-108 (Count IV).[1]

The Court granted summary judgment to MDY on Blizzard's claim under section 1201(a)(2) of the DMCA insofar as it applied to WoW's literal software code, but denied summary judgment in all other respects. Dkt. #82 at 17-22. Following a bench trial, the Court found MDY and Donnelly liable on Blizzard's claims under section 1201(a)(2) and section 1201(b)(1) with respect to the dynamic nonliteral elements of WoW. Dkt. #108 at 8-12.

Blizzard has filed a motion for the entry of a damages judgment on the DMCA violations. Dkt. #113. The motion has been fully briefed. Dkt. ##115, 117. For reasons stated below, the Court will grant Blizzard's motion in part and enter a judgment on the DMCA violations in the amount of $6.5 million.

"Under the DMCA, a plaintiff may elect to recover statutory damages in an action to enforce [the DMCA]." *Sony Computer Entm't Am., Inc. v. Filipiak*, 406 F. Supp. 2d 1068, 1074 (N.D. Cal. 2005) (citing 17 U.S.C. § 1203(c)(3)). "The DMCA authorizes recovery of $200.00 to $2,500.00 for each violation 'as the court considers just.'" *Microsoft Corp. v. Silver Star Micro, Inc.*, No. 1:06-cv-1350-WSD, 2008 WL 115006, at *9 (N.D. Ga. Jan. 9, 2008) (quoting 17 U.S.C. § 1203(c)(3)).

---

[1] Section 1201(a)(2) provides that "[n]o person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof" that "is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title[.]" 17 U.S.C. § 1201(a)(2)(A). Section 1201(b)(1) applies to "a technological measure that effectively protects a right of a copyright owner under this title in a work or a portion thereof[.]" 17 U.S.C. § 1201(b)(1)(A).

1  Blizzard asserts that MDY has sold at least 120,000 Glider licenses to date and the
2  minimum statutory damages award should therefore be $24,000,000 (120,000 x $200).
3  Dkt. #113 at 2-3. Blizzard argues that in the event the Court exercises its discretion to reduce
4  the statutory damages amount, the floor for any damages should be the $6.5 million that
5  MDY and Donnelly have stipulated accurately reflects the damage to Blizzard from MDY
6  and Donnelly's copyright and tort violations (Counts I, II, and III). *Id.* at 4; *see* Dkt. ##112,
7  114.

8  Having considered Blizzard's arguments, and on the basis of the entire record in this
9  case, the Court finds that a statutory damages award of $6.5 million on the DMCA claims
10 is just. Blizzard acknowledges that "the exact same underlying acts form the basis for each
11 of Blizzard's claims, and the same harm flows from those violations[.]" Dkt. #113 at 4. The
12 Court therefore concludes that the $6.5 million award in the stipulated judgment (Dkt. #114)
13 should be applied to the DMCA claims.

14 MDY and Donnelly ask the Court to remit any damages award pursuant to the
15 "innocent violators" provision of the DMCA. Dkt. #115. That provision grants courts
16 discretion to reduce or remit the award of damages under the DMCA where "the violator
17 sustains the burden of proving, and the court finds, that the violator was not aware of and had
18 no reason to believe that its acts constituted a violation." 17 U.S.C. § 1203(c)(5)(A). MDY
19 and Donnelly assert that Donnelly did not know, and had no reason to know, that his actions
20 violated the DMCA. Dkt. #115 at 3. They note the Court's finding that Donnelly did not
21 believe the creation and distribution of Glider violated copyright law (*id.*), but that finding
22 does not apply to the DMCA claims because it was based on the fact that Donnelly did not
23 copy any of Blizzard's code and Glider does not replicate the WoW game. *See* Dkt. #108
24 at 12.

25 With respect to the DMCA claims, the Court has found that MDY and Donnelly
26 initially designed Glider to avoid detection by Warden and each time Blizzard was able to
27 learn the identities of Glider users and ban them from playing WoW, MDY and Donnelly
28 modified Glider to again avoid detection by Warden. *Id.* at 8. The Court also has found that

Warden presently cannot detect the presence of Glider in WoW and MDY and Donnelly have taken steps to make it more difficult for WoW players to recognize when another player is using Glider. *Id.* MDY and Donnelly have spent significant resources to make Glider undetectable because Glider's anti-detection features are essential to its commercial success. *See id.* MDY and Donnelly have not shown, and the Court does not find, that their violations of the DMCA were innocent. *See Sony Computer Entm't Am. Inc. v. Divineo, Inc.*, 457 F. Supp. 2d 957, 966 (N.D. Cal. 2006).

**IT IS ORDERED:**

1. Blizzard's motion for the entry of a damages judgment on the DMCA violations (Dkt. #113) is **granted in part** as set forth in this order.
2. The Court will enter a separate damages judgment on the DMCA claims.

DATED this 1st day of April, 2009.

_____
David G. Campbell
United States District Judge