1  **WO**

6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| MDY Industries, LLC, | ) | No. CV-06-2555-PHX-DGC |
| Plaintiff/Counterdefendant, | ) | **ORDER** |
| vs. | ) | |
| Blizzard Entertainment, Inc.; and Vivendi Games, Inc., | ) | |
| Defendants/Counterclaimants. | ) | |
| Blizzard Entertainment, Inc.; and Vivendi Games, Inc., | ) | |
| Third-Party Plaintiffs, | ) | |
| vs. | ) | |
| Michael Donnelly, | ) | |
| Third-Party Defendant. | ) | |

A stipulated judgment in the amount of $6,500,000 has been entered against MDY and Donnelly on Blizzard's claims for tortious interference with contract, contributory and vicarious copyright infringement, and certain violations of the DMCA. Dkt. #123. On March 10, 2009, the Court issued an order granting a stay of that judgment pending appeal. Dkt. #116. The Court concluded that MDY and Donnelly were not able to post a full supersedeas bond and that an alternative form of security is appropriate. *Id.* at 7-8. The Court described that alternative security as follows:

> The Court will require MDY and Donnelly to place all profits obtained from the sale of Glider or other operations of MDY, including all monies set aside by MDY and Donnelly since the commencement of this suit, in an escrow account approved by Blizzard. Such funds shall remain in escrow pending further order of the Court. MDY shall report its monthly income and expenses to Blizzard during the pendency of the appeal.

*Id.* at 9, 10 ¶ 3.

Blizzard has filed a motion to compel compliance with the Court's March 10 order. Dkt. #132. Blizzard contends that MDY and Donnelly have construed the order too narrowly and that funds contained in MDY and Donnelly's bank accounts, as well as the title to Donnelly's vehicle, should be placed in escrow. *Id.* at 4; *see* Dkt. #143. MDY and Donnelly disagree, arguing that the Court did not intend to put MDY out of business during the pendency of the appeal, that Donnelly's salary as president and lead programmer of MDY is reasonable and is not "profit" as that term is used in the March 10 order, and that the funds contained in MDY's bank accounts constitute necessary cash reserves for MDY's operating expenses and ongoing business developments. Dkt. #142.

The purpose of the stay of the monetary judgment was to allow MDY to continue to operate during the pendency of the appeal. As the Court noted in the March 10 order, the appeal will raise serious questions concerning the copyright and DMCA claims. Dkt. #116 at 8. Because requiring MDY and Donnelly to post anything close to a full bond amount would have put MDY out of business, the Court accepted as reasonable MDY and Donnelly's proposal that "they be required to put all but the necessary funds to operate MDY for fixed overhead and salaries in an escrow account monthly and report both monthly income and expenses to Blizzard during the pendency of the appeal." *Id.* (citing Dkt. #111 at 8). MDY cannot, of course, continue to operate without paying necessary expenses and employee salaries. The Court finds Donnelly's $153,600 annual salary to be reasonable, and concludes that the approximate $40,000 in MDY's bank accounts is a necessary cash reserve to pay expenses and salaries and develop potentially non-infringing uses of Glider. The Court further concludes that allowing Donnelly to keep his current salary and permitting MDY to retain its cash reserve will not unduly endanger Blizzard's interest in ultimate

1 | recovery. *See id.* at 8 (citing *Athridge v. Iglesias*, 464 F. Supp. 2d 19, 23 (D.D.C. 2006)).
2 | The Court will deny Blizzard's motion to compel.

To avoid further requests for clarification, the Court advises MDY and Donnelly that they are not free to increase Donnelly's salary absent further order of the Court. MDY and Donnelly are further advised that they must continue to place all profits of MDY – from the sale of Glider or otherwise – in the escrow account and shall accurately report all of MDY's monthly income and expenses to Blizzard during the pendency of the appeal.

**IT IS ORDERED** that Blizzard's motion to compel compliance with the Court's March 10, 2009 order (Dkt. #132) is **denied**.

DATED this 16th day of July, 2009.

_____
David G. Campbell
United States District Judge