LAW OFFICES OF
**VENABLE, CAMPILLO, LOGAN & MEANEY, P.C.**
1938 EAST OSBORN ROAD
PHOENIX, ARIZONA 85016
TELEPHONE (602) 631-9100
FACSIMILE (602) 631 4529
E-MAIL DOCKETING@VCLMLAW.COM

Lance C. Venable (AZ Bar No 017074)
Joseph R. Meaney (AZ Bar No. 017371)
Attorneys for Plaintiff MDY Industries, LLC
and Third-Party Defendant Michael Donnelly

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **MDY INDUSTRIES, LLC,** | Case No.: CV06-02555-PHX-DGC |
| Plaintiff and Counterdefendant, | |
| vs. | **MDY Industries, LLC and Michael Donnelly's Request to Vacate and Reschedule the March 31, 2011 Status Conference** |
| **BLIZZARD ENTERTAINMENT, INC., and VIVENDI GAMES, INC.,** | |
| Defendants and Counterclaimants, | **The Honorable David G. Campbell** |
| **BLIZZARD ENTERTAINMENT, INC., and VIVENDI GAMES, INC.,** | |
| Third-Party Plaintiffs, | |
| vs. | |
| **MICHAEL DONNELLY, an individual** | |
| Third-Party Defendant. | |

MDY Industries, LLC ("MDY") and Michael Donnelly ("Donnelly") request that the Court vacate the March 31, 2011 status conference for both procedural and scheduling issues.

Although the Ninth Circuit issued a mandate on February 28, 2011 divesting itself of jurisdiction in this case, MDY timely filed a subsequent petition on March 3 to the Ninth Circuit requesting that the Ninth Circuit's February 17 Order denying MDY's

1

1 panel rehearing petition be reviewed by the Court en banc.  It is MDY's position that
2 under FRAP 41(d)(1), MDY's en banc petition has stayed the mandate until the Ninth
3 Circuit has fully considered or disposed of the petition.
4 　　　After speaking with Blizzard's counsel, Blizzard stated that it opposes this view
5 and asserts that MDY's petition for en banc review was untimely pursuant to FRAP 35(c)
6 & 40, barred by the panel's decision on rehearing, and is pending before a court that lacks
7 jurisdiction over this case.  Counsel for Blizzard takes the position that MDY's time for
8 filing a petition for rehearing had expired pursuant to FRAP 35(c) and 40 fourteen days
9 after the original panel decision.  Additionally, Blizzard contends that the Ninth Circuit's
10 decision on rehearing expressly precluded MDY from filing any type of petition for
11 rehearing, including a petition for rehearing en banc.  Finally, Blizzard contends that the
12 Ninth Circuit properly issued its mandate divesting it of all jurisdiction over this case
13 pursuant to FRAP 41 because seven days had passed from the issuance of the panel's
14 decision precluding further petitions for rehearing, and MDY did not file a timely petition
15 for rehearing en banc or motion to stay the mandate pursuant to FRAP 41 prior to
16 issuance.  Consequently, Blizzard believes that MDY was precluded from filing a second
17 petition for rehearing and that the case is now properly before this Court.  As such,
18 Blizzard only consents to this motion to the extent that it is based on counsel's March 31
19 scheduling conflict and will oppose any further requests for extension of time based
20 solely on the Ninth Circuit's inaction on MDY's pending petition.
21 　　　Be that as it may, according to the Circuit Advisory Committee Note to FRAP
22 Rules 35-1 to 35-3 regarding en banc petitions, if the Ninth Circuit chooses to decline
23 accepting MDY's petition, it must do so within 21 days of receiving it.  That 21-day
24 deadline falls on March 24, 2011.  Thus, MDY asks that the Court vacate its request for
25 the parties to submit memoranda to the Court until the Ninth Circuit has notified the
26 parties of its decision.  By March 24, the parties will know whether the Ninth Circuit has
27 accepted MDY's petition, which will stay the mandate indefinitely, or whether it has
28 denied the petition.  If the latter occurs, MDY could immediately notify this Court of the

1  Ninth Circuit's ruling and, presumably since the stay of the mandate would be lifted, a
2  new date for a status conference can be set.
3      Additionally, MDY's counsel has a scheduling conflict on March 31 involving
4  another court matter and is unavailable to attend the conference with the Court.  Under
5  this circumstance, Blizzard's counsel informs me that he does not object to rescheduling
6  the conference to the next available date for the Court if the Ninth Circuit denies MDY's
7  en banc petition.
8      Counsel for both parties are available by teleconference to discuss this matter
9  further if the Court so chooses.
10
11     WHEREFORE, MDY requests that the Court vacate the status conference it set
12 for March 31, 2011 and the request for submission of memoranda by March 25 until a
13 time after the Ninth Circuit has ruled on MDY's pending en banc petition currently
14 before it.

Respectfully submitted on March 16, 2011,

**Venable, Campillo, Logan & Meaney, P.C.**

By  /s/Lance C. Venable
Lance C. Venable SBN 017074
Joseph R. Meaney SBN 017371
1938 East Osborn Road
Phoenix, Arizona  85016
Tel: 602-631-9100
Fax: 602-631-9796
E-Mail docketing@vclmlaw.com

*Attorneys for Plaintiff MDY Industries, LLC and Third-Party Defendant Donnelly*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on March 16, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email Address |
|---|---|
| Christian Genetski, Esq. | christian@zwillgen.com |
|  |  |

☐ I hereby certify that on _____, I served the attached document by FIRST CLASS MAIL on the following, who are not registered participants of the CM/ECF System:

| Name | Physical or Email Address |
|---|---|
|  |  |

s/ Lance C. Venable

- 1 -