ZWILLINGER GENETSKI LLP
Christian S. Genetski (*Pro Hac Vice*)
1705 N St NW
Washington, DC 20036
Facsimile (202) 706-5298
Telephone (202) 296-3585

*Attorneys for Defendants Vivendi Games, Inc. and Blizzard Entertainment, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| MDY INDUSTRIES, LLC, | **Case No.:** CV06-02555-PHX-DGC |
| Plaintiff and Counter-Claim Defendant | **JOINT MEMORANDUM RE ISSUES TO BE ADDRESSED AT STATUS CONFERENCE** |
| vs. | |
| BLIZZARD ENTERTAINMENT, INC., and VIVENDI GAMES, INC. | |
| Defendants and Counter-Claim Plaintiffs. | The Honorable David G. Campbell |
| BLIZZARD ENTERTAINMENT, INC., and VIVENDI GAMES, INC. | |
| Third-Party Plaintiffs, | |
| vs. | |
| MICHAEL DONNELLY, | |
| Third-Party Defendant. | |

As directed by this Court's Order of March 15, 2011, the parties submit this joint memorandum identifying the issues to be addressed at the Case Management Conference currently scheduled for April 13, 2011 that will determine the remaining course of this case. Where the parties differ as to an issue, each party's respective position is set forth.

**Issues to be Addressed at the Status Conference**

1. Distribution of the supersedeas bond

    a. **Blizzard's Position:** The Ninth Circuit specifically held that MDY is liable to Blizzard for the full amount of the stipulated judgment entered pursuant to § 1201(a)(2), holding that "that MDY … is liable under the DMCA only for violation of § 1201(a)(2) with respect to WoW's dynamic non-literal elements." *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 958 (9th Cir. 2010). The entire bond amount, which served to stay the judgment against both Mr. Donnelly and MDY and secure Blizzard's right to monetary recovery if any of the independent grounds supporting the consent judgment were affirmed, should thus be distributed to Blizzard immediately in partial satisfaction of its $6.5 million judgment against MDY.

    b. **MDY and Mr. Donnelly's Position:** The entire bond amount should be returned to Mr. Donnelly immediately. It is MDY's position that although the Ninth Circuit affirmed MDY was liable under § 1201(a)(2) to Blizzard, MDY's acts fall under the § 1201(f) safe harbor of the DMCA, and therefore, MDY has no liability under the DMCA rendering the judgment void. Furthermore, the money that was put in to the escrow account was Donnelly's personal asset that had been distributed to him as salary or as a shareholder in the company. None of the money came from MDY itself.

2. Discovery should commence under Federal Rule of Civil Procedure 69 to assist in execution of the judgment against MDY.

a. **Blizzard's Position:** MDY has not provided any monthly reports of its income and expenses while the appeal was pending, as required by the Court's March 10, 2009 order.  MDY itself agreed reporting was required regardless of whether it earned "income," stating that it "believes that the Court's order requires MDY to report to Blizzard its monthly income and deposit any profits earned from each month into the escrow account." (Dkt. 142 at 7).  MDY should be compelled to provide those monthly reports immediately, as well as a full accounting of all its remaining assets, including all intellectual property and tangible assets.

b. **MDY and Mr. Donnelly's Position:** MDY's position is that to the extent that any reporting was necessary, Blizzard was aware that MDY has had no income because it was enjoined from selling its Glider software.  Furthermore, as stated above, MDY's position is that because MDY falls under the § 1201(f) safe harbor, it has no liability under § 1201.  Thus, any issues of discovery under Rule 69 are moot.  To the extent not already vacated by the Ninth Circuit's ruling, the Court should vacate any remaining portions of any judgment still pending against MDY or Donnelly.

3. Enter a permanent injunction against MDY on Blizzard's DMCA claims.

   a. **Blizzard's Position:**  The Court stayed the injunction insofar as it applied to Blizzard's DMCA claims pending appeal.  The Ninth Circuit held on appeal that "we affirm the district court's entry of a permanent injunction against MDY to prevent future § 1201(a)(2) violations." *MDY Indus.*, 629

F.3d at 954.  As Blizzard will detail in its response to MDY's motion to vacate the injunction, the Ninth Circuit's ruling compels entry of a permanent injunction on Blizzard's § 1201(a)(2) claim.

b. **MDY and Mr. Donnelly's Position:** MDY has filed a separate motion to lift the injunction against MDY and has briefed the Court more fully on this issue.

4. Determine Michael Donnelly's personal liability under the DMCA

a. **Blizzard's Position:** This Court conducted a DMCA trial during which all relevant evidence as to Mr. Donnelly's personal liability was, or should have been, presented to the court.  The Ninth Circuit remanded for reconsideration in light of its reversal of the copyright infringement claim stating that, "If MDY is found liable at trial for tortious interference with contract, the district court may consider Donnelly's personal liability for that tortious interference.  Moreover, the district court may determine whether Donnelly is personally liable for MDY's violation of DMCA § 1201(a)(2).  In light of the foregoing disposition regarding Donnelly's personal liability, we also vacate *in toto* the district court's permanent injunction against Donnelly, though the district court may consider the propriety of an injunction against Donnelly if it finds him liable for MDY's § 1201(a)(2) violations or for tortious interference with contract." *MDY Indus.*, 629 F.3d at 957-58 n.24.  Given that the factual record is established, the parties should have an opportunity to brief the issue of Mr. Donnelly's personal liability under the DMCA in light of the Ninth

Circuit's ruling, as well as the applicability of the permanent injunction to Mr. Donnelly.

    b. **MDY and Mr. Donnelly's Position:** Based upon the Ninth Circuit's ruling, there are no facts that Blizzard can offer this Court to demonstrate how Donnelly could be held personally liable. But if the Court wishes to consider Donnelly's personal liability, it should only do so after it has considered the § 1201(f) issue first. Donnelly believes that a trial is not warranted on the issue of his personal liability in light of the Ninth Circuit's ruling and findings of fact. The Court should set a deadline for parties to file motions for summary judgment on his liability to determine whether triable issues of fact exist before setting a trial date.

5. Set a trial date for a jury trial of Blizzard's tortious interference claims against both Mr. Donnelly and MDY.

    a. **Blizzard's Position**: The Ninth Circuit held that "that Blizzard's tortious interference claim under Arizona law is not preempted by the Copyright Act, but we vacate the grant of summary judgment because there are outstanding issues of material fact." *MDY Indus.*, 629 F.3d at 957-58. The Ninth Circuit thus remanded Blizzard's tortious interference claims against both MDY and Mr. Donnelly for trial. This Court should set a trial date on its jury trial calendar and set pre-trial deadlines.

    b. **MDY and Mr. Donnelly's Position:** Like the issue of Donnelly's personal liability, the issue of liability for tortious interference claims should only be considered after the Court has first considered the § 1201(f) issue. But

regardless of any liability under § 1201, MDY and Donnelly believe that a trial is not warranted in light of the Ninth Circuit's ruling and findings of fact. The Court should set a deadline for parties to file motions for summary judgment on Blizzard's tortious interference claims to determine whether triable issues of fact exist before setting a trial date.

6. Set a briefing schedule and hearing date to resolve the damages suffered by MDY and Donnelly for the wrongful injunction.

   a. **MDY and Mr. Donnelly's Position:** MDY and Donnelly have suffered damages as a result of Blizzard's wrongful injunction. MDY and Donnelly believe that once the Court has resolved the §1201(f) issue, the Court should set a briefing schedule and hearing date to resolve the damages suffered by MDY and Donnelly.

   b. **Blizzard's Position**: The Ninth Circuit specifically affirmed this Court's injunction for violations of § 1201(a)(2), and thus damages for a "wrongful injunction" are not appropriate and do not require additional briefing.

Dated:  April 26, 2011                                                  Respectfully submitted,

/s/Lance C. Venable
Lance Christopher Venable
Venable Campillo Logan & Meaney PC
1938 E Osborn Rd.
Phoenix, AZ 85016
602-631-9100
Fax: 602-631-4529
Email: docketing@vclmlaw.com

/s/ Christian S. Genetski
Christian S. Genetski (*Pro Hac Vice*)
Zwillinger Genetski LLP
1705 N St NW
Washington, DC 20036
Facsimile (202) 706-5298
Telephone (202) 296-3585
*Attorneys for Defendants Blizzard Entertainment, Inc. and Vivendi Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email Address |
| --- | --- |
| Lance C. Venable | docketing@vclmlaw.com |
| Joseph Richard Meaney | docketing@vclmlaw.com<br>jmeaney@vclmlaw.com |

/s/ Lance C. Venable