**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MDY Industries, LLC, | No. CV-06-2555-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Blizzard Entertainment, Inc.; and Vivendi Games, Inc., | |
| Defendants/Counterclaimants/ Third-Party Plaintiffs, | |
| vs. | |
| Michael Donnelly, an individual, | |
| Third-Party Defendant. | |

In an order dated July 14, 2008, the Court granted summary judgment in favor of Blizzard with respect to MDY's liability for copyright infringement and tortious interference. Doc. 82. Following a bench trial held in January 2009, the Court issued an order finding MDY liable for violating § 1201(a) of the DMCA with respect to the dynamic non-literal elements of the WoW game, and finding Donnelly personally liable for MDY's copyright infringement, tortious interference, and DMCA violation. Doc. 108. On March 10, 2009, the Court entered a permanent injunction against MDY and Donnelly based on the DMCA violation. Doc. 116 at 9, ¶ 1. The injunction was stayed pending appeal. *Id.*

1    The Ninth Circuit reversed except as to MDY's liability for violation of DMCA

2    § 1201(a)(2).  Doc. 149-1; *MDY Indus., LLC v. Blizzard Entmt., Inc.*, 629 F.3d 928 (9th

3    Cir. 2010), *as amended by* 2011 WL 538748 (9th Cir. Feb. 17, 2011).  The mandate

4    issued February 28, 2011.  Doc. 149.

5    MDY has filed a motion to vacate the DMCA injunction.  Doc. 157.  The motion

6    is fully briefed.  Docs. 161, 167.  For reasons stated below, the motion will be denied.[1]

7    **I.      MDY's Motion.**

8    MDY contends that because it is not liable for copyright infringement, it is entitled

9    to the safe harbor provided by § 1201(f) of the DMCA.  Doc. 157.  Blizzard argues that

10   the "rule of mandate" precludes the Court from vacating the DMCA injunction.

11   Doc. 161.  The Court agrees.

12   It is well settled that "'[w]hen a case has been decided by an appellate court and

13   remanded, the court to which it is remanded must proceed in accordance with the

14   mandate and such law of the case as was established by the appellate court.'"  *United*

15   *States v. Luong*, 627 F.3d 1306, 1309 (9th Cir. 2010) (quoting *Firth v. United States*, 554

16   F.2d 990, 993 (9th Cir. 1977)).  Stated differently, all issues decided on appeal are

17   "'considered as finally settled," and the district court "is bound by the decree as the law

18   of the case, and must carry it into execution according to the mandate.'"  *United States v.*

19   *Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *Herrington v. County of Sonoma*,

20   12 F.3d 901, 904 (9th Cir. 1993)).

21   The Ninth Circuit decided the issue of MDY's liability under DMCA § 1201(a)(2)

22   in favor of Blizzard, and explicitly affirmed the "entry of a permanent injunction against

23   MDY to prevent future § 1201(a)(2) violations."  Doc. 149-1 at 38-41; 629 F.3d at 954.

24   Under the rule of mandate, the Court "'cannot vary from [that decree], or examine it for

25   any other purpose than execution; or give any other or further relief[.]'"  *Thrasher*, 483

---

27   [1] MDY's request for oral argument on the motion (Doc. 159) is denied because the
28   issues have been fully briefed and oral argument will not aid the Court's decision.  *See*
     Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

F.3d at 981.

MDY notes that the Ninth Circuit declined to reach the application of § 1201(f) on the ground that this argument "was not raised to the district court or presented in the parties' briefs on appeal." Doc. 149-1 at 41 n.19; *MDY*, 629 F.3d at 954 n.19. But the Ninth Circuit has affirmed the entry of a permanent injunction against MDY based on its liability under § 1201(a)(2). The fact that the § 1201(f) argument was not decided on appeal does not authorize the Court to examine the propriety of the injunction or to provide "other or further relief" to MDY. *Thrasher*, 483 F.3d at 981. Contrary to MDY's assertion (Doc. 167 at 7-9), vacating the injunction against MDY would not be "within the spirit of the appellate court's decision."

MDY asserts in its reply memorandum that vacating the injunction is appropriate under Rule 60(b)(5) of the Federal Rules of Civil Procedure. Doc. 167 at 2. That rule provides that a party may be relieved from a final judgment where "it is based on earlier judgment that has been reversed or vacated[,] or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). The entry of a permanent injunction against MDY to prevent future § 1201(a)(2) violations has not been reversed or vacated – it has been affirmed. The Court does not find the prospective application of the injunction to be inequitable. MDY commenced this action more than four years ago, but did not raise the § 1201(f) defense until after the case had been finally decided on appeal. Even absent a waiver on the part of MDY, declining to address the § 1201(f) issue after the case has been tried and decided on appeal is not unjust. Rule 60(b)(5) provides MDY no relief.

In summary, MDY's motion to vacate the DMCA section of the permanent injunction will be denied.

**II.     Other Issues.**

At the Court's request (Doc. 150), the parties have filed a joint memorandum setting forth their positions concerning the remaining course of the case (Doc. 160). Many of the positions taken by MDY are moot given the denial of its motion to vacate

the DMCA injunction.  As explained more fully below, the Court concludes that a trial is necessary on the tortious interference claim and the issue of Donnelly's personal liability. The Court will set a final pretrial conference by separate order.  Other issues raised in the joint memorandum will be addressed below.

### A.    Tortious Interference and Personal Liability.

MDY and Donnelly ask the Court to set a deadline for the parties to file summary judgment motions on the tortious interference claim against MDY and the issue of Donnelly's personal liability on that claim and MDY's violation of DMCA § 1201(a)(2). Doc. 160 at 5-6.  The Ninth Circuit specifically remanded for a trial on the tortious interference claim, finding that "there are triable issues of material fact."  Doc. 149-1 at 5, 42; 629 F.3d at 935, 955.  Summary judgment motions are therefore unwarranted. The Court finds that a trial should be held on both the tortious interference claim and the issue of personal liability.  *See* Doc. 149-1 at 48 & n.25; 629 F.3d at 958 & n.25.

### B.    The Supersedeas Bond.

Blizzard asserts that MDY is liable for "the full amount of the stipulated judgment entered pursuant to § 1201(a)(2)," and that the entire bond amount "should thus be distributed to Blizzard immediately in partial satisfaction of its $6.5 million judgment against MDY."  Doc. 160 at 2.  But the bond was posted to secure the stay of the stipulated judgment on the clams for copyright infringement and tortious interference. Docs. 116 at 7.  No bond was required for the stay of the DMCA injunction.  Doc. 116 at 7.  Blizzard has shown no entitlement to the bond.

MDY and Donnelly assert that the bond should be returned to Donnelly as it came from his personal assets (Doc. 160 at 2), but do not explain why the source of the bond is relevant to its disposition.

The Court cannot, on the present record, determine how the bond should be distributed.  The parties shall be prepared to address this issue at the final pretrial conference.

**C.      Discovery.**

Blizzard states that MDY has provided no monthly reports of its income and expenses pending appeal, and Blizzard therefore it is entitled to discovery under Rule 69 to assist in the execution of the judgment against MDY.  The bond and monthly reporting requirements were related to MDY and Donnelly's liability on the copyright infringement and tortious interference claims.  Doc. 116 at 7.  The Ninth Circuit has reversed on each claim.  Blizzard's request for discovery is denied.

**D.      Stay of the DMCA Injunction.**

The Court stayed the permanent injunction on the DMCA violations pending appeal.  Doc. 116 at 5, 9.  Blizzard argues, correctly, that the stay should be lifted with respect to the injunction against MDY given the ruling on appeal and the denial of the motion to vacate the injunction.

**E.      Damages for the Injunction.**

MDY and Donnelly's request for a briefing schedule to resolve the damages they suffered for the purported "wrongful" injunction (Doc. 160 at 6) is denied given the Ninth Circuit's affirmance of the entry of the DMCA injunction against MDY and the denial of MDY's motion to vacate the injunction.

**IT IS ORDERED:**

1.      MDY's motion to vacate the DMCA section of the permanent injunction (Doc. 157) is **denied**.  The stay of the DMCA injunction (Doc. 116 at 9, ¶ 1) is lifted to the extent the injunction has been entered against MDY.

2.      The motion to request oral argument (Doc. 159) is **denied**.

3.      The Court will set a final pretrial conference by separate order.

Dated this 27th day of June, 2011.

David G. Campbell
United States District Judge

- 5 -